## Burrow v. Hall

(Decided February 14, 1913.)

### Appeal from Fulton Circuit Court.

Appeal—Finding of Chancellor—Conflicting Evidence.—Where the evidence in an equitable action is conflicting, and upon a consideration of the whole case the mind is left in doubt, the finding of the chancellor will not be disturbed.

ED. THOMAS, for appellant.

HERSCHEL T. SMITH, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On December 31, 1909, the appellee bought from the appellant a piano for $300.00, and for the purchase price she executed the usual lien note payable in one year, retaining the title to the piano in appellant, and giving him the right to resume possession of the piano in case of appellee's failure to pay the note, or in case she should remove the piano from her residence without the written consent of appellant. At the same time the parties entered into an independent and separate agreement, which was evidenced by the following writing prepared by Burrow, and signed by Mrs. Hall:

"ALVIN J. BURROW, DEALER IN PIANOS, ORGANS AND SEWING MACHINES.

Fulton, Ky., Dec. 31, 1909.

"This is to certify that I have this day purchased of Alvin J. Burrow one Story and Clark piano, style mahogany, case No. 28778, for the sum of three hundred ($300.00) dollars, upon the following terms and conditions: One note for $300.00 payable in six months,

no interest, and in case note cannot be met when due shall have right to renew same for a reasonable length of time, or give up the piano without cost to me. The instrument to be warranted ten years as per catalog, and shipped as soon as convenient.

Mrs. J. N. Hall.

When the six months expired on July 1, 1910, appellee was unable to pay her note, and she says she insisted upon appellant taking back the piano and returning her her note; but that appellant insisted strenuously upon her keeping the piano and renewing the note upon the same terms and conditions upon which she had taken the piano and executed the note in the beginning, except that in case she was unable to meet the note upon its maturity and then desired to surrender the piano, she could do so by paying interest on the note for six months. Appellee having agreed to the extension, appellant prepared a new note for $300.00, and dating it back to December 31, 1909, made it payable in twelve months from that date, with interest from its date.

On December 14, 1911, he brought this action upon the new note, and took an attachment against the piano and the appellee's real estate. Appellee answered that in carrying out this last agreement the note sued on was a renewal of the first note; that it was executed upon the conditions and terms of the first note, with the exception of interest which was to be added for the last six months; and that this written condition was prepared by appellant, who, by mistake, oversight or fraud failed to put said renewal provision in the new note. The answer further alleged that when the note became due, she requested the appellant to take the piano and return her her note; that she was not able to meet said note; and that she tendered him the interest on it, which he refused.

Upon a trial the chancellor gave appellant judgment for interest on said note, amounting to $34.50; gave the piano to appellant, and ordered the surrender and cancellation of the note; and from that judgment the plaintiff prosecutes this appeal.

The decision turns solely upon a question of fact. Mrs. Hall testifies that the new note was to be given upon exactly the same terms as the former agreement, but that by mistake, fraud or oversight upon the part of appellant this was not done; and instead thereof,

a plain note was taken without the additional side arrangement having been made. There seems to be some misunderstanding between the parties in the terms they used to express their meaning, since, when appellant says the new agreement was that Mrs. Hall should give a new note similar to the old note, he thereby evidently intends to say the note was the entire contract, and that the side arrangement was eliminated; while Mrs. Hall evidently understood the new agreement to be represented by both the new note and the side agreement which was a part of the original contract.

To quote their language, Mrs. Hall said:

"Q. Now, what was said with reference to the conditions and provisions of the first note when you signed the second note?

"A. Mr. Burrow handed me the note. I said, 'I don't know about this.' He replied, 'Mrs. Hall, it is just like the first one, except it bears 6 per cent interest.'"

Upon this subject Burrow testified as follows:

"A. I asked her if she wanted to renew the note. She said she didn't like to have anything in her house not paid for, and as soon as she could sell some property she would settle the note. I called her attention to her agreement, and we agreed to renew the not for six months longer, and she was to pay interest from date, and I dated this note back to date of purchase of piano and she signed it.

"Q. Do you know whether she read it, or whether or not she had it in her hand? A. She had it in her hand, read it, *I told her it was just like the other one.* She signed it and handed it back to me, and I don't know whether I gave her the old note or destroyed it. I don't know anything about that. Q. Was there anything said by you or she either about this little contract that was made, the one that has been mentioned? A. She said something about that, and I told her it was of no account, that the six months had expired."

It is evident from this testimony that Mrs. Hall had in mind the entire contract consisting of the note and the side agreemnt, while Burrow used the terms "contract" and "note" synonymously. She understood the contract was to be renewed or continued for six months under the same agreement that was. originally made, with the exception that she was to pay interest for the ensuing six months, and not for twelve months. Under

the original agreement she had the right to renew her note for a reasonable length of time, or to give up the piano without cost to her. The issue is sharply drawn. Mrs. Hall contends that upon the payment of the interest at the end of the last six months she should have the right to renew her note, or to give up the piano without further cost to her; on the other hand appellant contends the new note alone constituted the contract.

The question being, therefore, whether Burrow or Mrs. Hall has correctly stated the contract between them, and the evidence being contradictory, we have a case similar to Wathen v. Wathen, 149 Ky., 506, where we said:

"Upon nearly every point the evidence is conflicting and leaves the mind in doubt. While in an equity case we will give judgment according to the weight of the evidence, and the truth as it shall appear from the whole record, yet when we find evidence as in this case, conflicting, and the questions of fact, by reason thereof, difficult of solution, some reliance should be placed upon the chancellor's acquaintance with the parties and the witnesses, and his consideration of the evidence, and if unconvinced by careful consideration of the record that he has erred to the prejudice of the substantial rights of the appellants, or on the whole case there is merely a doubt in our minds as to the correctness of the judgment, it will not be disturbed. Byassee v. Evans, 143 Ky., 415."

See, also, Kirkpatrick's Exor. v. Rehkopf, 144 Ky., 134; Bond v. Bond, 150 Ky., 392.

Judgment affirmed.