W. R. WALL, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Respondent.

**St. Louis Court of Appeals, June 20, 1914.**

1. **DEAD BODIES: Injury: Right of Recovery.** The husband or wife or next of kin of a deceased person has a *quasi* property right in the corpse, entitling such husband or wife or next of kin to recover for any injury done to, or indignity committed upon, the corpse.

2. **DAMAGES: Mental Anguish.** Although a recovery for mental anguish resulting from mere negligence is not allowable unless some physical injury is sustained, yet where the tortious act is

done wilfully or wantonly and the tortfeasor's conduct is insulting, inhuman and malicious, a recovery for mental anguish may be had, although no physical injury is sustained.

3. **DEAD BODIES: Injury: Damages: Mental Anguish.** A recovery may be had for mental anguish sustained by the next of kin of a deceased person resulting from intentional abuse of, or an indignity committed upon, the corpse, in the presence of such next of kin.

4. ————: ————: ————: **Punitive Damages.** Where the remains of plaintiff's mother were injured and an indignity was inflicted upon them by the agent of a common carrier, while transporting them, wilfully, wantonly and maliciously, in anger and in plaintiff's presence, a recovery of punitive damages against the carrier was allowable.

Appeal from Pemiscot Circuit Court.—*Hon. Charles B. Farris,* Judge.

REVERSED AND REMANDED.

*Shepard & Reeves* and *H. E. Doerner* for appellant.

(1) Plaintiff was entitled to recover for pain and mental anguish, as well as punitive damages, under the facts pleaded in the petition in this case, and the trial court committed grievous error against appellant in sustaining respondent's motion to strike out the allegations in the petition pertaining thereto. Wilson v. Railroad, 160 Mo. App. 649; Litteral v. Litteral, 131 Mo. App. 306; Larson v. Chase, 14 L. R. A. 85; Douglass v. Stokes, 149 S. W. 849. (2) Plaintiff being the relative with whom his mother was living at the time of her death, it was his right and duty to perform the last sad rites of laying her remains to rest in a manner suitable to his condition in life, and he has a cause of action against the defendant for the negligent and willful injury to the body while being transferred for interment. See authorities cited under point 1.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for respondent.

(1) The court did not err in sustaining the motion to strike out the allegations in the petition pertaining to mental anguish. Mental anguish is not an element of damage in a case like this. There can be no recovery for mental pain and anguish occasioned by mutilation of a corpse. Long v. Railroad, 6 L. R. A. (N. S.) 883; Beaulieu v. Railroad, 19 L. R. A. (N. S.) 564; Orr v. Dayton, etc. Trac. Co., 96 N. E. 462. If the action be *ex delicto*, there can be no recovery for mental anguish, as the plaintiff himself sustained no physical injury, and the alleged insulting, malicious and inhuman conduct was not directed toward him. Trigg v. Railroad, 74 Mo. 147; Connell v. Tel. Co., 116 Mo. 48; Strange v. Railroad, 61 Mo. App. 586; Grayson v. Transit Co., 100 Mo. App. 71; Bouillon v. Gas Light Co., 148 Mo. App. 469. If the action be *ex contractu*, there can be no recovery for mental anguish occasioned by a breach of the contract. Connell v. Tel. Co., 116 Mo. 34; Spohn v. Railroad, 116 Mo. 617; Tel. Co. v. Ferguson, 54 L. R. A. 846; Beaulieu v. Railroad, 19 L. R. A. (N. S.) 564. There is no right of property in a corpse. Guthrie v. Weaver, 1 Mo. App. 136; Litteral v. Litteral, 131 Mo. App. 306; Weld v. Walker, 130 Mass. 422. (2) The court did not err in striking out the prayer for punitive damages. Exemplary damages cannot be awarded unless actual damages are also suffered, and the actual damages must be susceptible of ascertainment, and of being measured by some legal standard to authorize recovery therefor. Summers v. Keller, 152 Mo. App. 626. Exemplary damages are not allowed in suits on contract. Trout v. Livery Co., 148 Mo. App. 633.

STATEMENT.—Plaintiff prosecutes this appeal, and complains of the ruling of the court in striking out portions of his petition. The portions of the petition stricken out by the court on defendant's motion appear within parentheses. Omitting caption and signature, the petition is as follows:

"Plaintiff states that defendant is, and was at all the times hereinafter mentioned, a corporation, duly organized and existing under the laws of the State of Missouri, and liable to sue and be sued as such in the courts of this State, and engaged as a common carrier of goods and passengers for hire between Steele, Missouri, and Bloomfield, Missouri.

"Plaintiff for his cause of action states that he is the son of Elizabeth Wall, a widow, who departed this life on the 31st day of May, 1911, in Pemiscot county, Missouri; that prior to her death she lived with plaintiff and was supported by him and continued so to do until her death as aforesaid; that after her death, as aforesaid, the plaintiff defrayed the funeral and burial expenses of her, the said Elizabeth Wall.

"Plaintiff states that on the 1st day of June, 1911, he delivered the remains of the said Elizabeth Wall, properly enclosed in a burial casket, which said casket was enclosed in a large box, to the agent of defendant at Steele, Missouri, for transportation to Bloomfield, Missouri, paying to the agent of defendant at Steele, Missouri, the price of transportation de-manded, to-wit, one first-class passenger fare between the two above-mentioned points.

"Plaintiff further states that when said box containing said casket and remains was delivered to the defendant as aforesaid, the same was in good condition, and that after the delivery of the same to the defendant as aforesaid, it became the duty of defendant to safely transport said box and contents to its destination, to-wit, Bloomfield, Missouri.

"Plaintiff further states that when said train bearing said body or remains reached the station of Brooks Junction, it became necessary to unload said box and casket, containing the remains as aforesaid, from the car upon which it had been transported from the station of Steele, Missouri, to that of the station of Brooks Junction, Missouri, to be transferred to another train owned and operated by the defendant, and by said train to be transferred from said station of Brooks Junction to the station of Bloomfield as aforesaid.

"Plaintiff further states that the agents and servants of defendant in charge of said box, casket and remains, whose duty it was to handle and unload same, being angry about some matter pertaining to the handling of said casket and remains as aforesaid, did wantonly, wilfully, wrongfully, maliciously and inhumanely, and with utter disregard of the rights and feelings of plaintiff, and in the presence of plaintiff, and with utter disregard of the fact that the box and casket contained the remains of a human being, did wilfully, wrongfully, maliciously and inhumanely throw said box containing said casket and remains from the baggage car, upon which it had been so transported as aforesaid, upon a truck, and did wilfully, wantonly, maliciously and inhumanely throw a heavy trunk, generally known as a sample trunk, and several other pieces of heavy baggage, upon said box, thereby breaking in the lid of said box and breaking the corners and sides of said box, and breaking and bending the screws that fastened the lid of said box, then and thereby damaging said box to such an extent that it became necessary for the plaintiff to have same repaired before he could give the dead body of his said mother a decent burial; (that said box and casket containing the remains were so roughly handled by the agent as aforesaid, that the body was disarranged in said casket, the head thereof being thrown to one

side and the face thereof being bruised;) that said box containing said casket and remains was damaged in the sum of fifty-five dollars; (that plaintiff suffered great mental anguish, pain and distress of body and mind by reason of the willful and malicious, wrongful and inhumane acts of defendant's agents and servants as aforesaid, and has been damaged in the sum of three thousand dollars;) wherefore, plaintiff prays judgment for the sum of three thousand and fifty-five dollars.

"(Plaintiff further states that the acts of the defendant's said agents and servants as aforesaid, were done wantonly, wilfully, and maliciously; wherefore, plaintiff prays judgment for punitive damages for the sum of three thousand dollars.)"

NORTONI, J. (after stating the facts).—On defendant's motion, the court struck out from the petition the portions contained within parentheses as above stated. Plaintiff duly excepted to this ruling and presents the subject-matter for review here.

The first portion so stricken from the petition is as follows: "(That said box and casket containing the remains were so roughly handled by the agents as aforesaid, that the body was disarranged in said casket, the head thereof being thrown to one side and the face thereof being bruised;)" Obviously this portion of the petition was stricken out and that pertaining to the rough handling of the casket permitted to remain intact in the view that no property right existed in favor of plaintiff in the dead body of his mother, while such right obtained with respect to the casket. It is true that a corpse is not property in the commercial sense of that term, but the most tender affections of the human heart cluster about the bodies of one's loved ones who have passed. Therefore, in accord with high and lofty sentiment, the courts have come to recognize and declare what is termed a *quasi*

property right, which entitles the husband or wife or next of kin to the possession or control of the body for the purpose of decent sepulture. [See Litteral v. Litteral, 131 Mo. App. 306, 111 S. W. 872; Wilson v. St. Louis & S. F. R. Co., 160 Mo. App. 649, 142 S. W. 775.] In this view, one may recover for any injury done to, or indignity committed upon, the body of his deceased as though a property right with respect thereto obtained in him. [Wilson v. St. Louis & S. F. R. Co., 160 Mo. App. 649, 142 S. W. 775; Larson v. Chase, 47 Minn. 307, 14 L. R. A. 85; Douglass v. Stokes, 149 Ky. 506, 149 S. W. 849.] This being true, the court erred in striking from the petition the averment above set out, to the effect that the body of plaintiff's mother was disarranged in the casket and the head thereof thrown to one side and the face bruised because of the rough handling by defendant's agents.

The second averment stricken from the petition is as follows: "(That plaintiff suffered great mental anguish, pain and distress of body and mind by reason of the willful and malicious, wrongful and inhumane acts of defendant's agents and servants as aforesaid, and has been damaged in the sum of three thousand dollars;)" The court erred in striking these words from the petition, for, by reference to other portions thereof, it is alleged that the injury to the body was inflicted wantonly and wilfully while defendant's agent was in anger and this, too, in the very presence of plaintiff. Although it be true that one may not recover damages to compensate for mental anguish and distress of mind which may be entailed through mere negligence, unless some physical injury is inflicted on the sufferer as well, the rule is not the same when the elements of insult, malice and inhumanity appear, as by wanton and willful conduct. There are torts of which mental distress alone is the proximate and natural result and for which damages may be assessed

when it appears the tortfeasor's conduct is inhuman, insulting and malicious and the tortious act was wilfully or wantonly done. [See Carter v. Oster, 134 Mo. App. 146, 112 S. W. 995; Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S. W. 401.] This rule obtains alike in the case of the willful and intentional abuse of, or an indignity committed upon, a dead body, in the presence of the plaintiff next of kin. [See Wilson v. St. Louis & S. F. R. Co., 160 Mo. App. 649, 142 S. W. 775.]

The final words stricken from the petition constituted the following paragraph: "(Plaintiff further states that the acts of the defendant's agents and servants as aforesaid were done wantonly, wilfully, and maliciously; wherefore, plaintiff prays judgment for punitive damages for the sum of three thousand dollars.)" The court erred in striking this paragraph from the petition as though the facts stated did not warrant the recovery of punitive damages. It is unnecessary to elaborate upon this question, but see Wilson v. St. Louis & S. F. R. Co., 160 Mo. App. 649, 142 S. W. 775. We concur in the views expressed in that case.

For the reasons stated above, the judgment should be reversed and the cause remanded to be tried on the petition as drafted and before the portions above discussed were stricken therefrom. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.