## Holmes v. Town of Rochester.

(Decided April 30, 1918.)

### Appeal from Butler Circuit Court.

Appeal and Error—Findings.—In an action at law when a trial
by jury is waived by agreement of the parties and the case sub-
mitted to the trial court upon the law and facts, the court's
findings of fact must be given the same weight that would be
accorded the verdict of a properly instructed jury.  Therefore, a
judgment rendered by the circuit court on conflicting evidence
will not be disturbed on the claim that it is not sustained by the
evidence, unless it is clearly and palpably against its weight.

W. S. HOLMES for appellant.

N. T. HOWARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

Laying aside, as unnecessary to be decided, certain
motions of appellee made in this case, it is sufficient to

say that the judgment of the lower court must be affirmed upon the ground presently indicated. The action was brought by the appellant, W. S. Holmes, seeking to recover of the appellee, town of Rochester, damages claimed to have resulted to him from a trespass alleged to have been committed by its council and servants in removing and setting back the fence on the front of a lot owned by him, situated on Commerce Street in the town, and in appropriating and converting to the use of the town, for the construction in part of a concrete sidewalk thereon, a strip of ground about two feet in width and seventy feet in length from the front of the lot.

Appellee's answer admitted the removal and resetting of the fence and appropriation of the strip of ground in question for the construction in part of the pavement, but denied appellant's ownership of the strip; alleging that it was a part of Commerce Street and had been wrongfully enclosed by appellant's building of the fence in question in the attempt to make it a part of his lot; that the strip of ground was required for the pavement; that the construction of the pavement in part thereon was necessary for the proper use of the street by pedestrians resident in the town, and that the pavement was constructed under and by virtue of an ordinance duly enacted by the board of council of the municipality.

The foregoing averments of the answer were controverted by the appellant's reply; and by consent of the parties the case was tried by the circuit court without the intervention of a jury. By the judgment rendered the court dismissed appellant's petition and awarded appellee its costs expended in the action. From that judgment the former has appealed.

The only ground urged by appellant for the reversal of the judgment asked is that it is contrary to and not supported by the evidence. The evidence introduced in appellant's behalf conduced to prove the removal and resetting of his fence by appellee and its appropriation of the strip of ground for the use of the pavement, complained of; also some part of the damages claimed by appellant. Some of it, however, failed to show that the strip of ground in controversy was as wide as alleged in the petition. There was no attempt on the part of appellant to show by deed or evidence of adverse pos-

session his alleged title or right to the ground taken by appellee. It is equally true that there was no evidence introduced by appellee to show title in it, or possession of the strip of ground, but as the denial in its answer of appellant's title put the burden of proving title upon him, in order to recover, it devolved upon him to establish such title. Appellee's evidence strongly conduced to prove the necessity for the construction of the pavement in front of appellant's lot' and that of adjoining owners and of the use of the strip of ground in controversy for that purpose; but that the width of the strip so used did not exceed thirteen inches in many places and nowhere exceeded twenty inches; and that the removal and rebuilding of the fence neither defaced nor impaired in value appellant's lot, but on the contrary that the value of the property was increased by the rebuilding of the fence and the construction of the pavement. If, as intimated in the bill of exceptions, the court waived the introduction by appellant of his deed to the lot of which the strip of ground in controversy is claimed by him to be a part, such waiver was not binding on the appellee; nor did it relieve appellant of the necessity of proving that his deed embraced the strip of ground in controversy. Moreover, the evidence on all other issues is conflicting, and in view of the rule that in an action at law such as this the court's findings of fact must be given the same weight that must be accorded the verdict of a properly instructed jury, we do not feel authorized to disagree with the conclusions of law and fact expressed in the judgment. In other words, in a case like this the judgment rendered by the circuit court on conflicting evidence will not be disturbed on claim that it is not sustained by the evidence, unless it is clearly and palpably against its weight. Carter Co. Commercial Bank v. Eifort, 179 Ky. 232; Pittsburgh Filter Mfg. Co. v. Smith, 176 Ky. 554; Abram v. Mallicoat, 147 Ky. 817; Gusler v. Haynes, 154 Ky. 306; Goff v. Murphy, 153 Ky. 634; Martin v. Hall, 152 Ky. 677; Burrow v. Hall, 152 Ky. 252.

Judgment affirmed.