JAMES J. KELLEY & another *vs.* POST PUBLISHING COMPANY.

Suffolk.    February 8, 1951. — April 3, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Dead Body.   Parent and Child.   Trespass.   Privacy.   Actionable Tort.*

No cause of action of parents based on trespass through interference with
   their right to possession of the dead body of their minor daughter after
   she had been killed in an automobile accident was set forth by allega-
   tions in a declaration merely that without their permission the defend-
   ant took a photograph of the body and published it in a newspaper.

If the plaintiffs, the parents of a minor daughter killed in an automobile
   accident, had any right of privacy, no impairment thereof was set
   forth by allegations in a declaration that without their permission the
   defendant took a photograph of the dead body of their daughter and
   published it in a newspaper as and for a true likeness of her, referring
   to her as being their daughter, and that the photograph "was a gross
   caricature" of her and "depicted her features in a deformed and
   hideous manner and distorted . . . [her] features."

TORT.   Writ in the Superior Court dated July 28, 1950.

A demurrer to the declaration was sustained by *Hudson*, J.

*H. J. Williams*, for the plaintiffs.

*F. P. Garland*, for the defendant.

SPALDING, J.   The plaintiffs appeal from an order sus-
taining a demurrer to all six counts of their amended decla-

ration. In substance the allegations common to all these counts are that on or about August 25, 1948, the defendant published a newspaper having a wide circulation in Boston and throughout New England; that at that time the plaintiffs' daughter was a fifteen year old school girl living at home with the plaintiffs and having at no time achieved notoriety or prominence in the community for any reason; that on or about August 25 the plaintiffs' daughter was killed while riding as a passenger in an automobile; that the plaintiffs as the surviving parents of their daughter, who died intestate, became entitled to the possession of her body; that on the date aforesaid the defendant through its servants, agents, or employees, and without the permission of the plaintiffs and against their will, took a photograph of the child's body which it published in its newspaper as and for a true likeness of their daughter, "referring to her in the accompanying caption as being the daughter of the plaintiffs"; and that thereby the plaintiffs suffered great bodily pain and mental anguish and incurred medical expenses. It is not alleged that any likeness of the plaintiffs or either of them was published.

Counts 1 and 3 allege that the defendant's act constituted a trespass upon the body of the plaintiffs' daughter. The second and fourth counts allege that the photograph and accompanying caption constituted an interference with the plaintiffs' right of privacy. Counts 5 and 6 assert that the photographic reproduction "was a gross caricature" of their daughter and "depicted her features in a deformed and hideous manner and distorted . . . [her] features." In one of each pair of counts it was alleged that the defendant's act was wilful and malicious, and in the other that it was done with gross negligence and indifference to the rights of the plaintiffs.

It should be said at the outset that no rights of the plaintiffs' daughter are here involved. Since she was dead when the photographs complained of were published, no rights arising out of such publication accrued to her. In other words, the rights which the plaintiffs are seeking to assert

are not derivative; in all of the counts they allege an interference only with their own rights.

1. The first and third counts based on trespass set forth no actionable wrong. This court has held that one who intentionally mistreats the body of a dead person is liable in tort to the member of the family of such person who is entitled to the disposition of the body. *Burney* v. *Children's Hospital*, 169 Mass. 57. See Restatement: Torts, § 868. Compare *Gahn* v. *Leary*, 318 Mass. 425. In the *Burney* case it was held that a hospital which performed an unauthorized autopsy on the body of a child was liable to the father, the natural guardian of the child. Liability in that case was imposed because the mutilation of the body was regarded as an interference with the father's right to the possession of it. Here the act of the defendant no more interfered with the plaintiffs' possession or right to possession of their daughter's body than the gaze of a curious bystander who witnessed the death. Neither reason nor authority supports recovery on this ground.

2. By alleging in the second and fourth counts that the photograph and accompanying caption constituted an interference with their right of privacy the plaintiffs seek to raise the question whether there exists in this Commonwealth a legally protected right of privacy — a question left open in *Themo* v. *New England Newspaper Publishing Co.* 306 Mass. 54, 58. See Warren and Brandeis, 4 Harv. L. Rev. 193; Restatement: Torts, § 867; notes in 138 A. L. R. 22, 168 A. L. R. 446, and 14 A. L. R. (2d) 750. For reasons that will presently appear it is still unnecessary to decide that question.

Assuming for the purposes of this case that the plaintiffs have a right of privacy, we fail to see how it was impaired by what the defendant did. Doubtless many persons at such a time would be distressed or annoyed by a publication of the sort here involved. It is a time above all others when they would prefer to be spared the anguish of wide or sensational publicity. But if the right asserted here were sustained, it would be difficult to fix its boundaries. A

newspaper account or a radio broadcast setting forth in detail the harrowing circumstances of the accident might well be as distressing to the members of the victim's family as a photograph of the sort described in the declaration. A newspaper could not safely publish the picture of a train wreck or of an airplane crash if any of the bodies of the victims were recognizable. The law does not provide a remedy for every annoyance that occurs in everyday life. Many things which are distressing or may be lacking in propriety or good taste are not actionable. Moreover, if the parents had a cause of action in a case like the present there would seem to be no reason why other members of the immediate family, the brothers and sisters, whose sensibilities may also have been wounded should not also be permitted to sue. The only reference to the plaintiffs was that the girl whose body appeared in the photograph was their daughter. This can hardly be said to interfere with their privacy. At least, if there is such a right in this Commonwealth we would not be prepared to extend it to a case like the present.

The plaintiffs cite two decisions (*Douglas* v. *Stokes*, 149 Ky. 506, and *Bazemore* v. *Savannah Hospital*, 171 Ga. 257) as supporting their position. In *Douglas* v. *Stokes*, the parents of a freak child, who died shortly after birth, engaged the defendant, a photographer, to take photographs of the nude body of the child, it being agreed that he was to make twelve pictures and no more. The defendant made additional photographs without the consent of the parents, one of which he copyrighted. It was held that the parents could recover. That case differs from the present case in that there the defendant published the picture in violation of his agreement with the plaintiffs.[1] However, in a later case (*Brents* v. *Morgan*, 221 Ky. 765, 773) it was said that the decision in *Douglas* v. *Stokes* "could have been put on no ground other than the unwarranted invasion of the right of privacy." In *Bazemore* v. *Savannah Hospital*, a child,

---

[1] See *Pollard* v. *Photographic Co.* 40 Ch. Div. 345; *Moore* v. *Rugg*, 44 Minn. 28; *Corliss* v. *E. W. Walker Co.* 57 Fed. 434 (C. C. D. Mass.).

who was a medical curiosity and who died shortly after birth, was photographed in the nude at a hospital where he had been placed for treatment. It was held by a majority of the court that the parents of the child could maintain an action against the hospital, a photographer, and a newspaper for the unauthorized publication and circulation of the picture. The decision appears to be grounded on the theory that the acts of the defendants were an unwarranted invasion of the parents' right of privacy. In so far as these decisions are at variance with the conclusion here reached we are not disposed to follow them.

3. Counts 5 and 6 allege that the photographic reproduction of the plaintiffs' daughter "was a gross caricature and depicted her features in a deformed and hideous manner and distorted . . . [her] features." The plaintiffs seek to support these counts on the same ground urged to sustain the second and fourth counts, namely, that the publication was an invasion of their right of privacy. The publication of such a photograph might very well be indelicate or lacking in good taste but it would not in our opinion, for the reasons already discussed, constitute an actionable wrong to the plaintiffs.

> *Order sustaining demurrer affirmed.*
> *Judgment for the defendant.*