**BOARD OF EDUCATION OF FAYETTE COUNTY, Kentucky, Appellant,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY HUMAN RIGHTS COMMISSION, Appellee.**

No. 81–CA–997–MR.

Court of Appeals of Kentucky.

Dec. 4, 1981.

William E. Sloan, Wylie & Sloan, Lexington, for appellant.

Bill Shelton and Anthea M. Boarman, Lexington, for appellee.

Before GUDGEL, HOGGE and LESTER, JJ.

LESTER, Judge.

This is an appeal from a judgment determining that it was not an unwarranted invasion of privacy to permit appellee to inspect certain personnel records in possession of appellant within the meaning of KRS 61.878(1)(a), a provision of the Kentucky Open Records Act.

One Jennifer Massotti, a security officer in the employment of the Fayette County

School System, took offense at her failure to receive a promotion and filed a complaint with appellee alleging discrimination based upon her sex. During the course of its investigation, the commission considered it expedient to review the personnel files of not only the complainant but also of several other members of the security division of the board of education, and in order to accomplish that purpose, it served upon appellant interrogatories among which was the following demand:

Attach copies of the contents of the personnel files of Jennifer Massotti, K. R. Jones, C. V. Skirvin, and Richard Cook.

The board refused relying upon KRS 61.-878(1)(a) providing that certain records were available for inspection only upon order of court and that one of those was

Public records containing information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy.

Refusing to accept the board's position, the commission brought this action to compel disclosure. The court, being of the opinion, after an in camera review of the files, that public disclosure would not constitute a clearly unwarranted invasion of personal privacy, ordered that the records be made available to the plaintiff below. It was pointed out, however, that one of the files contained some questionable information concerning a member of one of the employee's family, but that it was already a matter of public records. This court has the material and has inspected it.

It at once becomes evident that if appellee had specified in its interrogatory just what information was pertinent to its investigation which was relevant thereto or the appellant had deleted from the file such information that it was permitted to extract pursuant to KRS 61.878(3), then possibly this litigation would not have been instituted. Be that as it may, the parties are before us and appear to agree that the issue is whether the files in question contain information of such a nature that public disclosure would constitute a clearly unwarranted invasion of personal privacy.

As early as 1909, this jurisdiction recognized the doctrine of right to privacy, *Foster-Milburn Co. v. Chinn*, 134 Ky. 424, 120 S.W. 364, 34 L.R.A. (N.S.) 1137, 135 Am.St. Rep. 417 (1909) which has survived to the present. *See Douglas v. Stokes*, 149 Ky. 506, 149 S.W. 849, 42 L.R.A. (N.S.) 386, Ann.Cas. 1914B, 374 (1914); *Brents v. Morgan*, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964 (1927); *Voneye v. Turner*, Ky., 240 S.W.2d 588 (1951); *Perry v. Moskins Stores, Inc.*, Ky., 249 S.W.2d 812 (1952) and *Wheeler v. P. Sorensen Manufacturing Co.*, Ky., 415 S.W.2d 582 (1967). As pointed out in *Perry, supra,*

It is based on the right of an individual to be left alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which it is not necessarily concerned. However, the right is not absolute. The rule defining the extent of the right is based on the premise that the standard by which the act is measured is that of a reasonable man. Since there is no hard and fast definition of the right, each case must turn on its own facts. Such a rule necessitates a balancing of the interests of the two parties in the litigation, as well as those of the public. (citations omitted)

The protection afforded to the privacy of the citizenry is not unique to Kentucky for the federal courts have treated the freedom from unwarranted governmental intrusion into one's privacy as a "fundamental" right. *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). When appellee, by way of brief, urges that *Stanley* is inapplicable here because the case addresses fourth amendment rights, it overlooks the fact that privacy remains a basic right of the sovereign people regardless of what statutes the legislative branch may enact.

■ A number of federal cases take the view that the interests of the individual must be balanced against those of the public and its so-called "right to be informed" when dealing with the issue of whether disclosure would be a clearly unwarranted

invasion of privacy. This balance should be tilted towards disclosure. *Ditlow v. Schultz*, 517 F.2d 166, 170 U.S.App.D.C. 352 (1975). However, in the case at bar, we are dealing with our state statute and not 5 U.S.C. § 552 and therefore, are not bound by federal interpretations. In order that there be no mistake about our views, we should point out that we do not subscribe to the tilting towards disclosure doctrine but rather apply the test of balancing the interests of the parties as well as those of the public measured by the standard of a reasonable man.

█ The present litigation is denominated as one between a board of education and a human rights commission but the real party in interest is Jennifer Massotti who alleges she failed to obtain a promotion because of her sex. The commission, in reality, is her advocate which is attempting to correct this wrong, if any there be. We recognize that the commission is interested upon behalf of the public generally in that certain types of discriminatory practices are prohibited but nevertheless, we are unable to say that an unbridled search of the personnel files of parties who are strangers to the action serves a public interest which would be greater than the protection of those strangers' privacy. At this point, we examine the files in question.

Much of the information found in the personnel folders deals with such items as sex offenses committed by strangers on a member of an employee's family; material relating to criminal investigations made by the security officers while working with other law enforcement agencies; medical records; and dates, places and specific assignments of service, both active and reserve, with the armed forces. We consider the dissemination of many of the facts not to be in the best interests of the personnel involved as well as those who are total strangers to this cause of action. Moreover, it is readily discernable that outside law enforcement agencies might have techniques disclosed which are otherwise confidential. Portions of all four of these files have no place in an employment or promotion sex discrimination case and no public interest would be served by a complete disclosure.

From what we have said, we do not mean to imply that our open records statute has no application but rather, since we must treat these actions on a case by case basis, we are reversing and remanding this cause so that appellee may specify what information (and only such information as pertains to sex discrimination relevant to promotional practices) it seeks. Thereafter, pursuant to KRS 61.878(3) the appellant is authorized to "sanitize" the records of material which is not germane to the action and in the event a dispute arises as to what is or is not pertinent to the litigation, then the circuit court, upon application of either or both of the parties, shall make the appropriate determination in accordance with KRS 61.-882(3). We do not consider our views to be violative of KRS 61.878(4) because nothing contained therein entitles one governmental agency to demand from another information which does not serve a governmental need. In other words, there is no unqualified right for one entity to examine the total personnel files of another.

The judgment is reversed and the cause remanded for further proceedings in conformity with views expressed herein.

All concur.