Barbara JACKSON, Plaintiff–Appellant,

v.

CHRISTIAN HOSPITAL NORTHEAST–
NORTHWEST, a corporation

and

White Point Enterprises, Inc., a corpo-
ration, d/b/a S.J. Watson Mortu-
ary, Defendants–Respondents.

No. 60022.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 28, 1992.

Newman & Bronson, Charles W. Wein-
stock, St. Louis, for plaintiff-appellant.

Coffelt & Coffelt, P.C., Kelly C. Kuehn-
lein, Clayton, for defendants-respondents.

CRANDALL, Judge.

Plaintiff, Barbara Jackson, appeals from
the order of the trial court sustaining the
motion of defendants, Christian Hospital
(hospital) and White Point Enterprises, Inc.
(funeral home), to dismiss plaintiff's peti-
tion for failure to state a claim upon which
relief can be granted. We reverse and
remand.

■ On appeal, our review requires that
we consider the pleadings, allowing them
their broadest intendment, treating all
facts alleged as true, and determine wheth-
er the petition invokes substantive princi-
ples of law. *Lipton Rlty. v. St. Louis
Housing Authority*, 705 S.W.2d 565, 568
(Mo.App.1986). We glean the facts on ap-
peal from plaintiff's petition.

Plaintiff is the surviving daughter of
Ruby Lee Harrell (decedent) who died at
hospital on February 15, 1989. Following
decedent's death, defendants caused dece-
dent's body to be brought to funeral home.
Funeral home embalmed the body and pre-
pared it for burial.

Neither plaintiff, nor any other members
of decedent's family, authorized transfer to
or embalming of decedent's body by fu-
neral home. Decedent left instructions to
donate her body to the Saint Louis Univer-
sity School of Medicine. The Officer Fu-
neral Home, as agent for the plaintiff and
her family, was to carry out decedent's
wish.

When employees of Officer Funeral
Home arrived at hospital to claim dece-
dent's body, officials of hospital informed
the employees that decedent's body was

"lost." As a result, the memorial service, scheduled for decedent on February 18, 1989, was canceled. On February 19, 1989, hospital located the body at funeral home. Because funeral home embalmed the body of decedent, plaintiff could not donate the body and was instead forced to bury it.

As a result of the defendants' conduct, plaintiff suffered emotional distress and incurred the additional expenses of a funeral. Plaintiff seeks compensatory and punitive damages.

■ In her sole point on appeal, plaintiff argues that the trial court erred in holding that her petition did not state a cause of action. Specifically, plaintiff claims that Missouri allows recovery for damages caused by negligence in caring for the body of a plaintiff's next of kin. We agree.

■ Missouri recognizes the right of sepulchre and allows the next of kin to bring an action for the negligent handling of a deceased relatives' body. *Wilson v. St. Louis & S.F.R. Co.*, 160 Mo.App. 649, 142 S.W. 775, 778–779 (Mo.App.1912); *Wall v. St. Louis & S.F.R. Co.*, 184 Mo.App. 127, 168 S.W. 257, 259 (1914); *Patrick v. Employers Mut. Liability Ins. Co.*, 233 Mo. App. 251, 118 S.W.2d 116, 122 (1938); *Golston v. Lincoln Cemetery, Inc.*, 573 S.W.2d 700, 705 (Mo.App.1978). It is conceded that a plaintiff in Missouri may recover at least the pecuniary losses caused by a defendant's negligent acts in caring for the body. *Wilson*, 142 S.W. at 781. Here, plaintiff alleges that she incurred additional expenses due to the negligent actions, of defendants', resulting in the loss and unauthorized embalming of the body of decedent. Plaintiff's petition invokes substantive principles of law under which she may recover and is, therefore, sufficient to withstand a motion to dismiss.

The trial court erred in dismissing the petition of plaintiff for failure to state a claim. It is not disputed that plaintiff states a claim for, at least, pecuniary loss arising out of unwanted funeral expenses. The question of whether or not plaintiff is entitled to seek recovery for *every* element of damages set forth in her petition is immaterial to the issue of whether she states a cause of action. Any challenge to specific elements of plaintiff's pleaded damages may be raised by motion on remand. An opinion discussing issues that may be raised by such motions would be advisory in nature and, therefore, inappropriate.

The order of the trial court is reversed and the cause is remanded.

GRIMM, P.J., and SIMON, J., concur.