Brassard, J.
This matter is before the court on the plaintiffs’ motion to amend their Complaint pursuant to Mass.R.Civ.P. 15(a) to add claims alleging intentional (Count IV) and negligent interference (Count V) with the plaintiffs’ rights to possession and disposition of the decedent’s body. The defendants oppose the motion, contending that the plaintiffs have failed to state a claim upon which relief may be granted. After a hearing and review of the papers, the plaintiffs’ motion is ALLOWED.
BACKGROUND
The Amended Complaint alleges the following facts.
On December 19, 1995 at approximately 5:35 a.m., Jamie A. Rubianogroot (“Rubianogroot”) was driving west on Massachusetts Route 290, a six-lane, two-way divided highway, when the left front tire of his vehicle became flat. Rubianogroot parked his disabled vehicle on the outside shoulder of the westbound lanes, and exited the vehicle to change the tire. At that time, the defendant William Swanson (“Swanson”) was driving a tractor trailer truck west on Route 290.[4] Swanson struck Rubianogroot, and Rubianogroot sustained massive personal injuries.
Immediately following the collision, Swanson exited the trailer, retrieved his flashlight, and went to check on Rubianogroot, whose body was now lying in the westbound center lane of Route 290. There was little or no traffic on the highway at that time, and Swanson was able to observe Rubianogroot for approximately five minutes. Swanson did not notice any fractures, blood or apparent head injuries.
Swanson believed that Rubianogroot would “be able to get up,” and therefore did not move Rubianogroot from the middle of the road, nor did he place flares or other warning devices in the lane. Rather, Swanson left Rubianogroot’s lifeless body in the middle of the road. Consequently, Rubianogroot was repeatedly struck and dragged along the highway by numerous trucks and automobiles for an extended period of time causing desecration, mutilation and disfigurement.
Rubianogroot’s surviving spouse and children filed the present action on December 8, 1998 alleging conscious pain and suffering (Count I),[5] wrongful death (Count II) and punitive damages (Count III).[6] On April 17, 2001 the plaintiffs filed the present motion to amend their complaint seeking to add claims alleging intentional (Count IV) and negligent interference (Count V) with the plaintiffs’ rights to possession and disposition of the decedent’s body.
DISCUSSION
Under Mass.R.Civ.P. 15(a) a party may amend his pleading only by leave of the court, and “leave shall be freely given when justice so requires.” See Mass.R.Civ.P. 15(a). The opposing party bears the burden of establishing a “good reason” to deny the amendment. See DiGregorio v. Commonwealth, 10 Mass.App.Ct. 861, 862 (1980). In the present case, the defendants contend that the plaintiffs’ motion to amend the complaint to add claims alleging intentional and negligent interference with a dead body is *277 futile and should be denied because (1) the tort is limited to cases involving wrongful autopsies or internments; and (2) the plaintiffs cannot establish that Swanson had a duty to take affirmative action to move Rubianogroot’s body to the side of the road.
The Appeals Court recently hel that the tort of interference with a corpse seeks to remedy the detrimental effect that mutilation of the decedent’s body has on the psychological well-being of the surviving relatives. See Kelly v. Brigham & Women’s Hospital, 51 Mass.App.Ct. 297, 300 (2001). Massachusetts courts have long recognized that survivors may experience compensable mental distress when the corpse of a loved one is subjected to an unwanted autopsy. See Burney v. Children's Hospital, 169 Mass. 57, 60 (1897); Kelley v. Post Publishing Co., 327 Mass. 275, 277 (1951). In Burney v. Children’s Hospital, 169 Mass. 57, 60 (1897), the Supreme Judicial Court held the father of a deceased child can maintain can action for an unauthorized autopsy because he had a possessory right to the body for burial. In so doing, the Court made clear that “the right is to the possession of the corpse in the same condition it was in when death supervened.” Id. at 60.
The defendants rely heavily on Kelley v. Post Publishing Co., 327 Mass. at 277, to support their contention that the alleged facts are not encompassed by the tort of interference with a corpse because that tort is limited to wrongful autopsy or improper burial claims. Although the Court in Kelley held that a newspaper did not interfere with the plaintiffs’ right to possession when it published pictures of their daughter’s dead body, nothing in that case or in other Massachusetts decisions restricts applicability of the tort to wrongful autopsy or improper burial claims. To the contrary, the Restatement of Torts §868, upon which the Kelley Court relied, provides that anyone who;[7]
wantonly mistreats the body of a deceased person ... is liable to the member of the family of such person who is entitled to the disposition of the body.
In its recent decision in Kelly v. Brigham & Women's Hospital, 51 Mass.App.Ct at 302, the Appeals Court held that a spouse may bring a claim for tortious interference with a corpse when a medical examiner removes the tissue of a decedent without consent. In that case, the Court reasoned that because a claim for tortious interference with a corpse is “based upon the general principles governing the tort of negligence,” it thus “incorporates” a claim of negligent infliction of emotional distress. Id. at 302. The Court further stated:
Because a wrongful autopsy claim is based on the general principles governing the tort of negligence, the plaintiff must show that [the medical examiner] owed her a duty, that his act or failure to act was negligent, and that the negligence caused her harm.
Id. at 303.
The critical issue in the case at bar is whether Swanson owed the plaintiffs a duty to protect Rubiangroot’s corpse from further harm.[8] The principles of common law negligence impose an affirmative duty upon an actor whose negligent conduct has rendered another helpless .to exercise reasonable care to prevent further harm to the injured person. See Rodrigue v. United States., 788 F.Supp. 49, 51 (D.Mass. 1991); see also Restatement (Second) Torts, §322.[9] Cf. Cremins v. Clancy, 415 Mass. 289, 286 (1993) (O’Connor, J., concurring); Freeman v. Massachusetts Bay Transp. Auth., 2000 WL 1909777 * 1 (Sup. Ct.) (Fabricant, J.) [12 Mass. L. Rptr. 621] (duty to rescue owed to decedent trapped under a train because defendant was “a tortfeasor obligated to mitigate the harm it had contributing to causing”).
This court concludes that this tort principle maybe applied to a claim of tortious interference with a dead body. If Swanson’s negligent conduct had only caused such bodily harm as to make Rubianogroot lie unconscious, but alive, in the middle of the highway, then Swanson would have been under a duty to Rubianogroot to exercise reasonable care to prevent further injury to him. See Restatement (Second) Torts, §322, Illustration (1).[10] Likewise, if Swanson’s negligent conduct caused Rubianogroot’s lifeless body to remain in the middle of the highway, then Swanson had a duty to Rubianogroot’s next of kin to prevent mutilation of that body by subsequent oncoming traffic. Under these circumstances, Swanson owed a duty to Rubianogroot’s surviving spouse, who lawfully controls disposition of his body. See Vaughan v. Vaughan, 294 Mass. 164, 166 (1936) (surviving spouse has the right to control disposition of body of deceased spouse).
Accordingly, the plaintiffs’ Amended Complaint alleging tortious interference with a corpse sufficiently states a claim upon which relief may be granted, and the plaintiffs’ motion to amend is ALLOWED.[11]
ORDER
For the foregoing reasons, the plaintiffs’ motion to amend the Complaint to add Count IV, intentional interference with a corpse, and Count V, negligent interference with a corpse, is ALLOWED.

 The trailer was owned by Transport America, Inc., Transport 21 Inc. and Northstar Transportation Inc., the other defendants in this action.

 Plaintiffs do not oppose the defendants’ motion for summary judgment on Count I.

 On March 29, 2001, this court (Fabricant, J.) denied the plaintiffs’ motion to amend their Complaint to add claims alleging negligent entrustment, negligent hiring practices, *278 negligent retention, and failure to terminate, on the ground that the wrongful death claim encompassed all viable theories of negligence causing death.

 The rule stated in the Restatement (Second) Torts §868 applies not only to an intentional interference with a body, but also to an interference that is reckless or merely negligent. It provides:
. [Ijntentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.

 A claim of tortious interference with a corpse does not implicate the decedent’s rights. See Kelley, 327 Mass. at 277. Rather, the tort implicates only the rights of the decedent’s survivors to dispose of and possess the body, and is thus not encompassed by the wrongful death statute.

 The Restatement (Second) Torts, §322 provides:
If the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm.

 The Restatement (Second) Torts, §322, Illustration (1) provides:
A negligently or innocently runs down B on an unlighted country road. B is unconscious. A leaves B lying in the middle of the highway, where another car subsequently runs over him. This is an entirely new harm from which A should have protected him and for which A is subject to liability to B, whether or not A would have been liable for the original harm.

 The court refrains from deciding at this juncture whether “reckless” conduct might constitute intentional interference with a corpse. See Manning v. Nobile, 411 Mass. 382, 387 n.8 (1991) (“the terms ‘wilful,’ ‘wanton,’ and ‘reckless’ conduct are often used interchangeably"). Cf. Kelly v. Brigham & Women's Hospital, 51 Mass.App.Ct. at 311. This issue is better decided after the development of a record.