(31 Abb. N. C. 266; 8 Misc. Rep. 36.)

### MURRAY v. GAST LITHOGRAPHIC & ENGRAVING CO.

(Common Pleas of New York City and County, Equity Term.   April, 1894.)

PARENT AND CHILD—RESTRAINING PUBLICATION OF PORTRAIT OF INFANT CHILD.
   A person cannot sue to enjoin the publication of a portrait of his infant child, or for damages caused thereby.

Action by William Murray against the Gast Lithographic & Engraving Company to enjoin the publication of a portrait of his infant daughter, and for damages.   Judgment for defendant.

B. B. Foster and Isaac Angel, for plaintiff.
William B. Ellison, for defendant.

BISCHOFF, J.   On the trial, plaintiff's counsel contended that this action is one brought to recover damages for the alleged unauthorized publication of a portrait of plaintiff's infant daughter, and for an injunction restraining such further publication.   Consistently with that contention,. I have been asked to find, as the only proposition of fact deemed established by the evidence, that defendant has committed the act on which the claim to relief is predicated.   Assuming this theory of the complaint and action to be correct, two insuperable objections arise to preclude any recovery:   First, as conjuncta persona, merely, plaintiff has no right of action for a wrong committed against the person of another, assuming the unauthorized publication of a portrait of the latter to be an unlawful invasion of his right to the enjoyment of personal privacy.   Secondly, as parent, his only right of action, growing out of wrongs committed against the person of his child, is for the recovery of damages for loss of the services of the child, and the expenses to which he has been subjected in effecting a cure from the injury,—elements of damages which are obviously wanting in this action; and even in an action for loss of services, and expenses attending the cure, no recovery can be had. for the outraged mental sensibility of the parent.   3 Suth. Dam. § 952; Cowden v. Wright, 24 Wend. 429; Cuming v. Railroad Co., 109 N. Y. 95, 16 N. E. 65.

If, still pursuing the same theory of the action, it be insisted that the parent has suffered a personal injury,—one to his mental sensibility, by the invasion of his child's right to the enjoyment of personal privacy, and the indiscriminate distribution of her portraits,—the answer is that the law does not take cognizance of, and will not afford compensation for, sentimental injury, independent of redress for a wrong involving physical injury to person or property.   "The law protects the person and the purse.   The person includes the reputation.   The body, reputation, and property of the citizen are not to be invaded without responsibility in damages to the sufferer.   But, outside these protected spheres, the law does not attempt to guard the peace of mind, the feelings, or the happiness of every one, by giving recovery of damages for mental anguish produced by mere negligence.   There is no

right, capable of enforcement by process of law, to possess or maintain, without disturbance, any particular condition of feeling. The law leaves feeling to be helped and vindicated by the tremendous force of sympathy. The temperaments of individuals are various and variable, and the imagination exerts a powerful and incalculable influence in injuries of this kind. There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation. Perhaps the feelings find as full protection as it is possible to give, in moral law, and a responsive public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries." Lumpkin, J., in Chapman v. Telegraph Co., 88 Ga. 763, 15 S. E. 901.

If plaintiff is not entitled, in this action, to recover damages for the infraction of a legal right, still less is he entitled to injunctive relief. A court of equity is powerless to enforce a right, or to prevent a wrong, in the abstract; and, apart from an injury or damage to the person seeking relief (High, Inj. § 1), it cannot enforce a purely moral obligation, or the performance of a purely moral duty. And, in the absence of actual or threatened injury to property rights, injunctive relief must be denied. Id. § 23. It is fundamental to the jurisdiction of the court, in any case where it is applied to for an injunction, that some property right belonging to the party seeking the relief is in jeopardy (In re Sawyer, 124 U. S. 200, 210, 8 Sup. Ct. 482; Kerr, Inj. 1); and an injunction was, upon that ground, refused, where it was sought to restrain a libelous publication (Brandreth v. Lance, 8 Paige, 24), and in another case, where the surviving relatives of another applied to restrain the publication of his unauthorized biography, though the latter was admitted to be wholly laudatory (Corliss v. E. W. Walker Co. [Aug. 1, 1893] 57 Fed. 434).

Should it now be urged that this action was in fact brought, and that its true theory is, to recover damages for the unauthorized publication of the portrait which plaintiff caused to be painted of his infant daughter, and to restrain such further publication, and that the unauthorized publication of the portrait was and is an invasion of plaintiff's proprietary rights therein, it seems a conclusive answer that he is not the owner of the portrait, for, from his own admission, it is his wife's property.

I refrain from discussing the rights of plaintiff's wife or infant daughter, upon the facts in evidence, for two reasons, namely, that it is unnecessary for the purposes of this action, and that the urgency of the parties for a speedy decision precludes the possibility of doing so satisfactorily to me. Defendant is entitled to judgment, with costs.