(71 Misc. Rep. 199.)

## WYATT v. HALL'S PORTRAIT STUDIO.

(Supreme Court, Special Term, New York County. March 14, 1911.)

ABATEMENT AND REVIVAL (§ 54*)—"PERSONAL INJURY"—RIGHT OF PRIVACY—UNAUTHORIZED USE OF NAME AND PICTURE.

    Decedent Estate Law (Consol. Laws 1909, c. 13) § 120, provides that for wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrongdoer, an action may be brought after the injured person's death by his executors, etc., but that such section shall not extend to an action for personal injuries, as such action is defined in Code Civ. Proc. § 3343, except that the right of action for injuries resulting in death is not affected. Code Civ. Proc. § 3343, subd. 9, provides: "'Personal injury' includes libel, slander, criminal conversation, seduction and malicious prosecution," etc. *Held* that, the right of privacy being in its nature personal, an action for violation thereof through the unauthorized use of plaintiff's name and picture, brought under Civil Rights Law (Consol. Laws 1909, c. 6) §§ 50, 51, does not survive plaintiff's death.

    [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 255–278; Dec. Dig. § 54.*

    For other definitions, see Words and Phrases, vol. 6, pp. 5340–5344; vol. 8, p. 7753.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Helen Wyatt, an infant, by Minnie Wyatt, her guardian ad litem, against Hall's Portrait Studio. On motion by the guardian ad litem to revive the action in her name as administratrix. Motion denied.

Ernst, Lowenstein & Cane, for plaintiff.
May & Jacobson, for defendant.

SEABURY, J. This is a motion for an order permitting the administratrix of the goods, chattels, and credits of Helen Wyatt, deceased, to revive an action which was originally brought by the said Helen Wyatt against Hall's Portrait Studio. The action was brought by Helen Wyatt, pursuant to sections 50 and 51 of the civil rights law (Consol. Laws 1909, c. 6), for an injunction and damages for the unauthorized use of her name and picture. The question presented for determination is whether the cause of action alleged survived the death of the plaintiff.

The statute under which the cause of action arose does not contain any provision as to whether or not the cause of action thereby created survives the death of the person injured. The question presented must therefore be determined by the application of the general principles of the common law as to the survivability of causes of action, with due regard to the modification of those principles which have been affected by statute. The common law divided causes of action into those ex contractu and ex delicto, and to the latter class applied the maxim, "Actio personalis moritur cum persona." These common-law rules "still determine the survivability of actions for torts, except where the law has been specially modified or changed by statute." The general principles governing the survivability of actions are well discussed in Hegerich v. Keddie, 99 N. Y. 258, 260, 1 N. E. 787, 52 Am. Rep. 25.

Without attempting to review the history of these statutory changes, it is sufficient to point out that, in so far as the existing statutory provisions affect the question at issue, they are expressed in section 120 of the decedent estate law (Consol. Laws 1909, c. 13), and in section 3343 of the Code of Civil Procedure, to which section 120 of the decedent estate law specifically refers. Section 120 of the decedent estate law provides as follows:

"For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executors or administrators, against such wrongdoer, and after his death against his executors or administrators in the same manner and with like effect in all respects as actions founded upon contracts. This section shall not extend to an action for personal injuries, as such action is defined in section 3343 of the Code of Civil Procedure, except that nothing herein contained shall affect the right of action now existing to recover damages for injuries resulting in death."

Subdivision 9 of section 3343 of the Code of Civil Procedure defines the term "personal injury" as follows:

"'Personal injury' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff or of another."

If the cause of action now sought to be revived abated upon the death of the plaintiff, it is because it is brought to recover for an ac-

tionable injury to the person of the plaintiff. Unless the alleged violation of the plaintiff's right constituted an actionable injury to the person of the plaintiff, it is clear that it would fall within the general rule stated in section 120 of the decedent estate law and that it would survive the death of the plaintiff. The inquiry is therefore narrowed to the question as to whether the cause of action alleged is for an actionable injury to the person of the plaintiff. In order to determine this question we must consider the nature and character of the "right" for the violation of which the statute provides a remedy.

The cause of action arose from the violation of the right of privacy. It was solely the creation of statute, and had no existence independent of the statute. Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828. It is evident from the statute that the violation of the right thereby created was intended by the Legislature to be punishable as a crime and actionable as a tort. Rhodes v. Sperry & Hutchinson Co., 193 N. Y. 223, 228, 85 N. E. 1097, 127 Am. St. Rep. 945. The right of privacy, or, as it has sometimes been called, the "right to be let alone," is in its nature personal. The peculiarly personal character of the cause of action created by the statute negatives the idea that the Legislature intended that it should be enforceable by the personal representatives of the person in whose favor the cause of action existed. The injury done by the violation of the right does not affect the estate of the person injured, but is strictly an injury to the person of the plaintiff. Nor does the fact that upon the violation of the right the person injured becomes entitled to damages alter the nature of the right or change the character of the cause of action which the statute sanctions. In Cregin v. Brooklyn Crosstown R. R., 75 N. Y. 192, 195, 31 Am. Rep. 459, Judge Rapallo said:

"When an injury is done to the person of the plaintiff, the pecuniary damages sustained thereby cannot be so separated as to constitute an independent cause of action, for the cause of action is single, and consists of the injury to the person. The damages are the consequences merely of that injury, and when by the terms of the statute such a cause of action abates, the character of the damages cannot save it."

Schuyler v. Curtis, 147 N. Y. 434, 42 N. E. 22, 31 L. R. A. 286, 49 Am. St. Rep. 671, is instructive upon the question presented. That was a case where the relative of a deceased person sought to restrain by injunction the erection of a statue or bust of the deceased. The case arose before the enactment of the statute which has been held to create the right of privacy. In that case the court, without deciding as to the existence or nature of such a right as the right of privacy, assumed the existence of such a legal right, and held that, even if such a right existed, it died with the person and did not survive, so as to permit an independent cause of action to be brought by the relatives of the deceased. In that case Judge Peckham said:

"Whatever the rights of a relative may be, they are not, in such a case as this, rights which once belonged to the deceased, and which a relative can enforce in her behalf and in a mere representative capacity, as for instance, an executor or administrator, in regard to the assets of a deceased. It is not a question of what right of privacy Mrs. Schuyler had in her lifetime. The

plaintiff does not represent that right. *Whatever right of privacy Mrs. Schuyler had died with her.* Death deprives us all of rights in the legal sense of that term, and, when Mrs. Schuyler died, her own individual right of privacy, whatever it may have been, expired at the same time. The right which survived (however extensive or limited) was a right pertaining to the living only. It is the right of privacy of the living which it is sought to enforce here. That right may, in some cases, be itself violated by improperly interfering with the character or memory of a deceased relative; but it is the right of the living, and not that of the dead, which is recognized."

Nor is there room in this case for the contention that the present action should be revived in order to prevent the defendant from improperly interfering with the character or memory of the plaintiff. If such an action could be maintained, it would necessarily be by virtue of an independent right to maintain it, and not by virtue of any right derived from the deceased. The complaint alleges a cause of action in the plaintiff for an injury to her person which did not survive her death, and the motion by her administratrix to revive the action must be denied.

Motion denied. Settle order on notice.