## Clayman v. Bernstein

*O'Connell & Tobin,* for plaintiff.
*Edmonds, Obermayer & Rebmann,* for defendant.

SLOANE, J., October 24, 1938.—We have before us for disposition preliminary objections to a bill in equity.

Plaintiff's wife is in the hospital critically ill with heart collapse. For a time, her physician was the defendant. While he attended her, defendant took pictures showing the disfiguration of her face caused by her illness. The reason for taking the photographs is not averred to have been for purposes of diagnosis and treat-

ment, though the inference may well be that defendant was making a case record or thought that the change in her face caused by her illness was of scientific interest. Whatever the reason, defendant took the pictures without permission (plaintiff's wife at the time was under the influence of drugs and in a dying condition though she had a vague notion of the presence of the camera and mental distress thereafter because of it). When the taking of the pictures became known, the woman's family demanded return of all negatives and proofs, with which defendant has refused to comply. Plaintiff filed the bill to restrain their use by defendant and to compel their return. These are plaintiff's averments which we must take to be true at this stage of the proceedings.

Defendant answered with preliminary objections (Equity Rule 48) and argued that plaintiff shows no cause of action by way of damage to, or right in, himself personally.

There is a foreword of contention by plaintiff's counsel that the preliminary objections have no standing, because they really amount to a demurrer and demurrers in equity have been abolished; Equity Rule 15. We do not see it that way. The method of attacking a bill on the ground that it shows no cause of action is by preliminary objection, like an affidavit of defense raising questions of law to a statement of claim. See Gray v. Philadelphia & Reading Coal & Iron Co. et al., 286 Pa. 11, 14, and Long et al. v. Metzger et al., etc., 301 Pa. 449, 455.

The situation here may involve the modern doctrine of the right of privacy, the right to be let alone, and to be free from unwarranted publicity. Our courts have given the subject no attention or specific application except for the concurring opinion by Mr. Justice Maxey in Waring v. WDAS Broadcasting Station, Inc., 327 Pa. 433, 456, et seq. Although the question has aroused interest only recently, and has been characterized as an ancient right, we need not now decide the existence or absence of such

right in Pennsylvania. Assuming the existence of the right, where does plaintiff stand? All that plaintiff says is: "The doctor took pictures of my wife's face without permission. She had mental distress because of it and I want them returned." As to himself, he does not even aver mental distress, embarrassment, humiliation, or even personal injury or loss. His whole claim is grounded on an alleged derivative injury in his wife. Indeed he does not even aver an intent on the part of defendant to exhibit or publish the photographs to others. But there is another objection to the proceedings that we think is more basic, and that is, that plaintiff has no status. If there is a cause of action it is not in plaintiff. The right of privacy is purely personal, to be enforced by the one injured or imposed upon, and therefore, if any such right exists in this case it is clearly in the wife and not in the plaintiff: Murray v. The Gast Lithographic & Engraving Co., 8 Misc. 36, 28 N. Y. Supp. 271 (1894) ; Schuyler v. Curtis et al., 147 N. Y. 434, 42 N. E. 22 (1895) ; Von Thodorovich v. Franz Josef Beneficial Assn., 154 Fed. 911 (1907) ; See Hanna Mfg. Co. v. Hillerich & Bradsby Co., 78 F. (2d) 763, 766 (1935). As is said by Cooley in his treatise on torts:

"The right of privacy . . . is a right of each individual to be let alone, or not to be dragged into publicity. *One has no right of privacy with respect to his relatives, living or dead*": 1 Cooley on Torts (4th ed.) 449, sec. 135, (Italics supplied).

On this basis alone, we must sustain the preliminary objections. It is manifest that plaintiff cannot amend to meet this fundamental objection to the proceedings. Nevertheless, we are required, before dismissing the bill, to give plaintiff an opportunity to amend if he can, and accordingly:

The preliminary objections are sustained, with leave to plaintiff to amend within 15 days, under penalty of having the bill dismissed.