## THOMPSON v. CURTIS PUBLISH-ING CO.

### No. 10525.

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1952.

Decided Jan. 23, 1952.

William J. Woolston, Philadelphia, Pa., for appellant.

Philip H. Strubing, Philadelphia, Pa. (Evans, Bayard & Frick, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and HASTIE, Circuit Judges, and BURNS, District Judge.

GOODRICH, Circuit Judge.

This case involves the law of defamation, survival of actions and right of privacy.

Plaintiff's decedent sued the Curtis Publishing Company because of an article which had appeared in the Saturday Evening Post, February 1, 1947. This article was an advertisement by the Post for the efficacy of itself as an advertising medium. One of the features of this advertisement for advertising was a description of an invention which the plaintiff had patented back in 1896. It may be best described in terms of the patent application:

"This invention relates to a novel device. for automatically affecting the polite salutation by the elevation and rotation of the hat on the head of the saluting party when said person bows to the person or persons saluted * * *

"The improvement is also available as a unique and attractive advertising medium, and may be employed for such a purpose."

The defendant's publication treated this invention in a very lighthearted manner saying: "Sorry but advertising could never sell it * * *. People expect advertised products to be good * * *. But if the product does not measure up, no amount of advertising can make it a success."

■ There are many obstacles in the path to recovery by the plaintiff in this case. But since there is one insurmountable obstacle so far as the claim for defamation is concerned, there is no reason for using good printer's ink for prolonging the opinion further than to state what that obstacle is. The plaintiff's intestate brought the action in 1947. He died May 20, 1950. The case came to trial January 15, 1951. The lawsuit is in federal court on the basis of diversity of citizenship only and the state law controls. What is the law of Pennsylvania with regard to survival of an action for defamation after the death of the plaintiff?

The common law on the subject was clear and is not even obscured by stating the maxim in Latin, "actio personalis moritur cum persona." The common law rule has been modified by statute and the legislation has been in the direction of cutting down the application of the rule. There is such a statute in Pennsylvania. But the Pennsylvania statute expressly excludes actions for libel and slander from the cate-

gory of actions which survive the death of the plaintiff. Act of April 18, 1949, P.L. 512, § 601, 20 Purdon's Pa.Stats.Ann. § 320.601.

The plaintiff, however, points out that there is an English statute of 17 Charles II, chapter 8 (1665) which provides that the death of a party between verdict and judgment shall not be cause to abate an action. Plaintiff says that this statute is part of the common law of Pennsylvania. Then, he says that although the decedent's action did not come to trial between 1947 and 1950 that was not the plaintiff's fault. Part of the delay, he urges, was caused by legal objections raised by the defendant, part of the delay by an alleged error by the trial court in striking the case from the list for want of prosecution and finally by the necessary absence from the state of the plaintiff's decedent because of his illness.

■ All of this is interesting but immaterial to the conclusion of the case. The decision in Stroop v. Swarts, 1824, 12 Serg. & R., Pa., 76, is directly in point. Here was a case where a plaintiff died after trial but before verdict or judgment. Still the action was held to abate. And any talk about the action not abating if the plaintiff does not die until after the first day of the term of court in which the case is tried (see Morris v. Corson, 1827, 7 Cow., N.Y., 281) is not in point. The original plaintiff died more than six months prior to the beginning of the term in which this case was tried. The action based on the theory of defamation cannot be maintained.

■ Plaintiff, however, suggests that publication of the article in the Saturday Evening Post was an invasion of the decedent's right of privacy. He argues further that the invasion of the right of privacy is comparable to the invasion of a property right and is not barred by the death of the plaintiff under the statue cited above. For the purpose of this discussion only, we will assume that there is merit to this description of the right of privacy.

We have recently held forth upon this right under Pennsylvania law in Leverton v. Curtis Publishing Co., 1951, 192 F.2d

974, and do not think a repetition of our views is called for now. This decedent did not have his right of privacy invaded. He went to the United States Patent Office with what he claimed to be an invention for which he asked and obtained a patent. Surely his invention thus shown the public under the protection of his patent right is an instance where he has as fully come before the public with an offering as if he had published a play, a book or a song thus inviting public comment as well as patronage. The set of facts is completely outside that which Warren and Brandeis were talking about in their original Harvard Law Review article and which the courts have talked about in decided cases since.

The judgment of the District Court is affirmed.