Jeanine Adams GRUSCHUS and June Adams Soelberg, Appellants,

v.

CURTIS PUBLISHING COMPANY, Appellee.

No. 7828.

United States Court of Appeals Tenth Circuit.

March 17, 1965.

Charles D. Olmsted, of Stephenson & Olmsted, Santa Fe, N. M., for appellants.

William C. Briggs, Albuquerque, N. M. (Pepper, Hamilton & Scheetz, Philadelphia, Pa., and Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., were with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

This appeal follows an order of the District Court for the District of New Mexico dismissing with prejudice plaintiffs-appellants' complaint for failure to state a claim upon which relief may be

granted. The premise for plaintiffs'[1] complaint stems from an article published by defendant in the November 30, 1963, issue of the Saturday Evening Post, titled "Highway Robbery," which plaintiffs assert contained false and defamatory statements about their deceased father. The complaint alleges that the article gives the false impression that plaintiffs' deceased father, a construction contractor, was guilty of bribing public officials and of utilizing dishonest construction practices in building federal-aid highways in New Mexico. The dispositive issue is thus whether, under applicable state law, an actionable wrong exists in favor of plaintiffs for the defamation of their deceased father under either the law of libel or as a tortious invasion of plaintiffs' right of privacy. We hold that the trial court correctly decided the issue and properly dismissed plaintiffs' complaint for failure to state an actionable claim under the law of New Mexico.[2]

■ The primary basis of an action for libel or defamation is contained in the damage that results from the destruction of or harm to that most personal and prized acquisition, one's reputation. But the common law did not recognize a right to reflect in the reputation of another and the action did not survive the death of the defamed party. Thompson v. Curtis Publishing Co., 3 Cir., 193 F.2d 953; Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645; Kelly v. Johnson Publishing Co., supra; 1 Am.Jur.2d, Abatement, Survival, and Revival, § 96, at p. 118. In some jurisdictions this rule has been modified or abolished by statute but not in New Mexico. Section 21–7–1, N.M. S.A., lists, "in addition to the causes of action which survive at common law," particular causes of action that, under New Mexico law, survive the death of the parties. Libel, slander, or defamation are not mentioned. Since plaintiffs have no rights in the reputation of their deceased father and were not personally libeled by the subject article it follows that their complaint did not state a claim legally cognizable under New Mexico law for defamation.

■ Damage to reputation, while relevant in an action for libel, is not material to the prohibited invasion of the right of privacy. See Restatement, Torts, § 867, comment (c); Leverton v. Curtis Publishing Co., 3 Cir., 192 F.2d 974. The intangible but protected right of privacy recognizes, with some limitations, a right to seclusion, to freedom from public disclosure of personal matters of private life and other damaging and unnewsworthy publicity of a personal nature, and to recover for the appropriation of name or picture. See Prosser, Privacy, 48 Cal.L.Rev. 383, 389. The action was unknown to the traditional common law but beginning at about the turn of this century[3] became recognized by court decision and by statute. See, e. g., Donahue v. Warner Bros. Pictures, Inc., 10 Cir., 194 F.2d 6, 10–13. The cause of action exists in New Mexico, Hubbard v. Journal Publishing Co., 69 N.M. 473, 368 P.2d 147, but without decisional or statutory authority to support plaintiffs' claim that the action extends to or survives to one whose own privacy has not been invaded. The general rule, frequently analogized to defamation, is that the action does not survive the death of the party whose privacy was invaded unless the complaining party's privacy was also invaded.

1. Jurisdiction is based upon diversity of citizenship. Plaintiff Gruschus is a resident of California; plaintiff Soelberg resides in New Mexico; defendant is a Pennsylvania corporation and not qualified to do business in New Mexico.

2. We need not decide whether the rights of plaintiff Gruschus, a resident of California, are governed by the law of that state for California law admittedly prevents her recovery. See James v. Screen Gems, Inc., 174 Cal.App.2d 650, 344 P.2d 799; Kelly v. Johnson Publishing Co., 160 Cal.App.2d 718, 325 P.2d 659.

3. See Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S.E. 68, 69 L.R.A. 101.

Santiesteban v. Goodyear Tire & Rubber Co., 5 Cir., 306 F.2d 9 (Construing Florida law.); Ravellette v. Smith, 7 Cir., 300 F.2d 854 (Indiana law.); Reed v. Real Detective Publishing Co., 63 Ariz. 294, 162 P.2d 133, 138; Bradley v. Cowles Magazines, Inc., 26 Ill.App.2d 331, 168 N.E.2d 64; Fretz v. Anderson, 5 Utah 2d 290, 300 P.2d 642.

The judgment is affirmed.