Mrs. Alline E. CORDELL, Plaintiff-
Appellant,

v.

DETECTIVE PUBLICATIONS, INC.,
Defendant-Appellee.

No. 18918.

United States Court of Appeals
Sixth Circuit.

Dec. 24, 1969.

Mitchell Crawford, Chattanooga, Tenn., J. Nelson Irvine, Chattanooga, Tenn., on brief; Chambliss, Hodge, Bahner & Crawford, Chattanooga, Tenn., of counsel, for appellant.

Charles J. Gearhiser, Chattanooga, Tenn., Stophel, Caldwell & Heggie, Chattanooga, Tenn., Stephen L. Bair, New York City, of counsel, for appellee.

Before PECK, McCREE, and COMBS, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the granting of summary judgment to defendant Detective Publications, Inc., in an invasion of privacy action brought by Mrs. Alline Cordell. Plaintiff claims that defendant invaded her right of privacy by publishing in one of its magazines an unauthorized and sensational account of her daughter's murder.

The District Court, after reviewing affidavits and answers to interrogatories, held that Mrs. Cordell had no cause of action, and we agree. We reach this decision although we are offended by defendant's tasteless exploitation of this tragedy,[1] and we have no difficulty understanding the distress that this article inflicted upon Mrs. Cordell.

The District Court's scholarly opinion carefully reviewed the various

1. Apparently such exploitation is not uncommon. The reports contain several examples of publication by "detective magazines" of the grisly details of violent crimes. *E. g.*, Wagner v. Fawcett Publications, 307 F.2d 409 (7th Cir. 1962); Rozhon v. Triangle Publications, Inc., 230 F.2d 359 (7th Cir. 1952); Mahaffey v. Official Detective Stories, Inc., 210 F. Supp. 251 (W.D.La.1962); Reed v. Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133 (1945); Carlson v. Dell Pub. Co., 65 Ill.App.2d 209, 213 N.E.2d 39 (1965); Annerino v. Dell Pub. Co., 17 Ill.App.2d 205, 149 N.E.2d 761 (1958).

"right of privacy" theories on which plaintiff might conceivably prevail. We believe, however, that it is necessary to consider at length only one issue, because it is a defense under all theories: Whether the unauthorized use of the name of a deceased close relative and the unauthorized publication of fact or fictionalizations about that person constitute an actionable tort.

This is a diversity case, and Tennessee law governs. There is no reported Tennessee decision in which recovery has been allowed for the invasion of privacy, but the Tennessee Supreme Court has explicitly recognized the existence of the tort in two cases. Langford v. Vanderbilt University, 199 Tenn. 389, 287 S.W. 2d 32 (1956); Martin v. Senators, Inc., 220 Tenn. 465, 418 S.W.2d 660 (1967). Therefore, we believe, as did the District Judge, that the Tennessee courts would follow the prevailing authority. Cf. Hazlitt v. Fawcett Publications, Inc., 116 F. Supp. 538, 544 (D.Conn.1953).

The term right of privacy is imprecise, because this beguiling expression has been used to designate many different rights of varying importance, from the Fourth Amendment freedom from arbitrary searches and seizures, see Mapp v. Ohio, 367 U.S. 643, 656, 81 S.Ct. 1684, 6 L.Ed.2d 653 (1961), to the right not to have one's name bruited about in gossip columns. See Prosser, The Right of Privacy, 48 Calif.L.Rev. 383, 383–384 (1960), on the genesis of Warren & Brandeis, The Right to Privacy, 4 Harv. L.Rev. 193 (1890). Accordingly, in our discussion, we will avoid as much as possible using the term "right of privacy", and will try to speak more precisely of the theory under which plaintiff seeks to recover.

As the District Court found, this is a case of an alleged unauthorized public disclosure of private matters. Certain limitations have almost universally been imposed on this kind of tort. Prosser, Torts, § 112, at 843 (3d ed. 1964). The cause of action is regarded as purely personal, and only the person about whom facts have unauthorizedly been published may recover.[2] Consequently, the right lapses with the death of the person who enjoyed it,[3] and one cannot

2. *I. e.*, one can collect only for invasion of one's own privacy. Maritote v. Desilu Productions, Inc., 345 F.2d 418, 419, 18 A.L.R.3d 863 (7th Cir. 1965), aff'g 230 F.Supp. 721 (N.D.Ill.1964), cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 124 (1965); Gruschus v. Curtis Pub. Co., 342 F.2d 775 (10th Cir. 1965); Starrels v. Commissioner of Internal Revenue, 304 F.2d 574 (9th Cir. 1962); Bowman Gum, Inc. v. Topps Chewing Gum, Inc., 103 F. Supp. 944, 951–954 (E.D.N.Y.1952); Von Thodorovich v. Franz Josef Beneficial Ass'n, 154 F. 911 (C.C.E.D.Pa. 1907) (dictum); Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133 (1945) (dictum); Kelly v. Johnson Pub. Co., 160 Cal.App.2d 718, 325 P.2d 659 (1958); Werner v. Times-Mirror Co., 193 Cal.App.2d 111, 14 Cal.Rptr. 208 (1961); Annerino v. Dell Pub. Co., 17 Ill.App. 2d 205, 149 N.E.2d 761 (1958); Diener v. Mid-American Coaches, Inc., 378 S.W. 2d 509, 511 (Mo.1964); Schuyler v. Curtis, 147 N.Y. 434, 42 N.E. 22, 31 L.R.A. 286 (1895); Wyatt v. Hall's Portrait Studio, 71 Misc. 199, 128 N.Y.S. 247 (1911); Lunceford v. Wilcox, City Ct. New York, 88 N.Y.S.2d 225 (1949)

(dictum); Schumann v. Loew's Inc., Sup., 135 N.Y.S.2d 361 (1954); Henry v. Cherry & Webb, 30 R.I. 13, 73 A. 97, 24 L.R.A.,N.S., 991 (1909); Prosser, Torts, § 112, at 843 (3d ed. 1964); Prosser, Privacy, 48 Calif.L.Rev. 383, 408 (1960); Gordon, Right of Privacy in Name, Likeness, Personality and History, 55 Nw. U.L.Rev. 553, 594–605 (1960). See Rest. Torts § 867 (1939); Abernathy v. Thornton, 263 Ala. 496, 83 So.2d 235 (1955). Cf. Ravellette v. Smith, 300 F.2d 854 (7th Cir. 1962); Fretz v. Anderson, 5 Utah 2d 290, 300 P.2d 642 (1956).

3. Maritote v. Desilu Productions, Inc., 345 F.2d 418, 420 (7th Cir. 1965), aff'g 230 F.Supp. 721, 724–725 (N.D.Ill.1964), cert. denied, 382 U.S. 883, 86 S.Ct. 176 (1965); Gruschus v. Curtis Pub. Co., 342 F.2d 775 (10th Cir. 1965); Metter v. Los Angeles Examiner, 35 Cal.App.2d 304, 311, 95 P.2d 491 (1939); Kelly v. Johnson Pub. Co., 160 Cal.App.2d 718, 325 P.2d 659 (1958); Carlson v. Dell Pub. Co., 65 Ill.App.2d 209, 213 N.E.2d 39 (1965); Prosser, Torts, § 112, at 843 (3d ed. 1964); Prosser, Privacy, 48 Calif. L.Rev. 383, 408 (1960); Gordon, Right

recover for this kind of invasion of the privacy of a relative, no matter how close the relationship.[4]

The policy underlying these limitations is not hard to discern. The law is not unwisely wary of actions for injury which is purely emotional; the danger of spurious claims is too great. *See* Rest.2d Torts, § 436A (1966). Where emotional injury is pleaded, the jury can better assess the claim if the exploited person is present in the courtroom. Some commentators, however, have urged that relatives of deceased persons, such as Mrs. Cordell, should be able to recover for an unauthorized use of the name and private affairs of the deceased. Green, Relational Interests, 29 Ill.L.Rev. 460 (1934); Note, 40 N.D.Law. 324 (1965). Their argument is especially appealing in a case such as this where common experience suggests that a mother would be aggrieved by the unauthorized lurid account of the brutal murder of her teenage daughter.

But a substantial difficulty remains. As one court put it, "if the right asserted here were sustained, it would be difficult to fix its boundaries." Kelley v. Post Pub. Co., 327 Mass. 275, 277, 98 N.E.2d

of Property in Name, Likeness, Personality and History, 55 Nw.U.L.Rev. 553, 594–615 (1960). *See* Abernathy v. Thornton, 263 Ala. 496, 83 So.2d 235 (1955). *Cf.* Ravellette v. Smith, 300 F.2d 854 (7th Cir. 1962); Reed v. Real Detective Pub. Co., 63 Ariz. 294, 162 P.2d 133 (1945).

4. Maritote v. Desilu Productions, Inc., 345 F.2d 418, 420 (7th Cir. 1965), aff'g 230 F.Supp. 721 (N.D.Ill.1964), cert. denied, 382 U.S. 883, 86 S.Ct. 176 (1965); Gruschus v. Curtis Pub. Co., 342 F.2d 775 (10th Cir. 1965); Starrels v. Commissioner of Internal Revenue, 304 F.2d 574 (9th Cir. 1962); Bowman Gum, Inc. v. Topps Chewing Gum, Inc., 103 F.Supp. 944, 951–54 (E.D.N.Y.1952); Von Thodorovich v. Franz Josef Beneficial Ass'n, 154 F. 911, 912 (C.C.E.D.Pa.1907) (dictum); Coverstone v. Davies, 38 Cal. 2d 315, 323–324, 239 P.2d 876 (1952); Kelly v. Johnson Pub. Co., 160 Cal.App. 2d 718, 325 P.2d 659 (1958); James v. Screen Gems, Inc., 174 Cal.App.2d 650, 344 P.2d 799 (1959); Werner v. Times-Mirror Co., 193 Cal.App.2d 111, 14 Cal. Rptr. 208 (1961); Carlson v. Dell Pub. Co., 65 Ill.App.2d 209, 213 N.E.2d 39 (1965); Kelley v. Post Pub. Co., 327 Mass. 275, 98 N.E.2d 286 (1951); Diener v. Mid-American Coaches, Inc., 378 S.W. 2d 509, 511 (Mo.1964); Murray v. Gast Lithographing & Engraving Co., 8 Misc. 36, 28 N.Y.S. 271 (1894); Lunceford v. Wilcox, City Ct. New York, 88 N.Y.S. 2d 225 (1949) (dictum); Schumann v. Loew's, Inc., Sup., 135 N.Y.S.2d 361 (1954); Prosser, Torts, § 112, at 843 (3d. ed. 1964); Prosser, Privacy, 48 Calif.L.Rev. 383, 408 (1960); Gordon, Right of Property in Name, Likeness, Personality and History, 55 Nw.U.L.Rev. 553, 594–615 (1960). *See* Rest. Torts,

§ 867 (1939). *Cf.* Ravellette v. Smith, 300 F.2d 854 (7th Cir. 1962); Smith v. Doss, 251 Ala. 250, 37 So.2d 118 (1945) (issue not decided); Fretz v. Anderson, 5 Utah 2d 290, 300 P.2d 642 (1956). But see Annerino v. Dell Pub. Co., 17 Ill.App. 2d 205, 149 N.E.2d 761 (1958) (recovery granted because of publication of picture of plaintiff wife in article about murdered husband); Schuyler v. Curtis, 147 N.Y. 434, 447–448, 42 N.E. 22 (1895) ("A privilege may be given the surviving relatives of a deceased person to protect his memory, * * *." 147 N.Y. at 447, 42 N.E. at 25).

The few cases which appear to be against the weight of authority are clearly distinguishable. Some are based on breach of contract. *E. g.*, Fitzsimmons v. Olinger Mortuary Ass'n, 91 Colo. 544, 17 P.2d 535 (1932); Douglas v. Stokes, 149 Ky. 506, 149 S.W. 849, 42 L.R.A., N.S. 386 (1912). *Douglas* has been interpreted as recognizing a relational right of privacy, because it discusses the severe emotional injury that the plaintiff-parents suffered from the publication of pictures of their deceased infant Siamese twins. Brents v. Morgan, 221 Ky. 765, 299 S.W. 967, 971, 55 A.L.R. 964 (1927); Note, N.D.Law. 324 (1965). This interpretation appears to rest on an assumption that for every emotional injury there must be a remedy—an assumption not generally accepted in the law of torts. *See, e. g.*, Rest. 2d Torts, § 436A (1966).

Bazemore v. Savannah Hospital, 171 Ga. 257, 155 S.E. 194 (1930), an early case apparently upholding a relational right of privacy, has been severely restricted. Waters v. Fleetwood, 212 Ga. 161, 168, 91 S.E.2d 344, 348 (1956): "[W]e do not pass on the question of whether there might be a 'relational' right of privacy in this State."

286, 287 (1951). How distant a relative could sue? At what relational distance does the danger of feigned claims overcome the likelihood of real emotional distress? There are no neutral principles which a court can apply to answer these questions. As a Court of Appeals which is obliged to follow the substantive law of Tennessee whose courts offer no clear precedent, we turn for guidance to the weight of authority. The majority of jurisdictions which have considered the issue have declined to recognize a relational tort. *See* notes 2–4 *supra*. In some states, the legislatures have created the cause of action and have imposed limits on the degree of relation required to assert it. Okla.Stat.Ann. tit. 21, §§ 839.1, 839.2 (Supp.1969); Utah Code Ann. §§ 76–4–8, 76–4–9 (1953); Code of Va. § 8–650 (1957). *Contra*, N.Y.Civ.Rights L. §§ 50, 51 (McKinney's Consol.Laws, c. 6, 1948); Rest. Torts, § 867 (1939), which allow no right of recovery to relatives. We find no suggestion in the Tennessee decisions that its courts would not follow the weight of authority and therefore we decline to recognize a relational right at this time.

Accordingly, whether facts about Mrs. Cordell's daughter were published without authorization is irrelevant since any right of recovery ended with her death. Nor is plaintiff suing as her daughter's personal representative, and, even if she were, her case would not be significantly stronger. *See* note 3 *supra*. Finally, the prevailing authority, which we believe would be followed in Tennessee, does not regard an injury inflicted on the daughter as giving rise to a cause of action by the mother in her own right.

■ There remains only the issue whether the unauthorized use of Mrs. Cordell's own name and the publication of facts (or fictionalization) concerning her private life is actionable. The District Court, after examining the magazine article, held that plaintiff was mentioned only incidentally and that the references to her could not "reasonably be interpreted as casting [her] in public disrepute, nor could they reasonably be offensive or objectionable to a person of ordinary sensibilities as they reflect on Mrs. Cordell." This conclusion is supported by the record and is consistent with the prevailing trend in right of privacy cases,[5] and we agree with it.

We hold that defendant's conduct did not give rise to a cause of action which this plaintiff can assert. We expressly disavow any view or suggestion about the propriety of this publication and the extent to which the First Amendment-protected right to publish must yield to the individual's right not to be subjected to unauthorized and tasteless exploitation.

Affirmed.

5. The courts are virtually unanimous in ruling that incidental mention of a plaintiff in a suit brought for the invasion of a relative's privacy is not an actionable tort. Coverstone v. Davies, 38 Cal.2d 315, 323–324, 239 P.2d 876 (1952); Metter v. Los Angeles Examiner, 35 Cal.App.2d 304, 310–311, 95 P.2d 491 (1939); James v. Screen Gems, Inc., 174 Cal.App.2d 650, 653, 344 P.2d 799 (1959); Bradley v. Cowles Magazines, Inc., 26 Ill.App.2d 331, 333, 336, 168 N.E.2d 64 (1960); Carlson v. Dell Pub. Co., 65 Ill.App.2d 209, 213 N.E.2d 39 (1965); Kelley v. Post Pub. Co., 327 Mass. 275, 278, 98 N.E.2d 286 (1951); see Milner v. Red River Valley Pub. Co., 249 S.W.2d 227 (Tex.Civ.App.1952). *Cf.* Annerino v. Dell Pub. Co., 17 Ill.App.2d 205, 210, 149 N.E.2d 761 (1958) (case not dismissed because defendant published a photograph of the plaintiff, wife of the decedent against whom the complaint focused its attack).