Fay YOUNG and Forrest Young et al.,
Plaintiffs-Appellants,

v.

**THAT WAS THE WEEK THAT WAS**
a/k/a TW-3 et al., Defendants-
Appellees.

No. 19729.

United States Court of Appeals,
Sixth Circuit.

March 6, 1970.

Conrad J. Morgenstern, Cleveland, Ohio, for appellants.

Marc L. Swartzbaugh, Cleveland, Ohio, for appellees, Patrick F. McCartan, Marc L. Swartzbaugh, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

The National Broadcasting Company's nationwide television program "That Was The Week That Was" on April 20, 1965, contained this statement:

> "Mrs. Katherine Young of Syracuse, New York, who died at 99 leaving 5 sons, 5 daughters, 67 grandchildren, 72 great-grandchildren, and 73 great-great-grandchildren—gets our First Annual Booby Prize in the Birth Control Sweepstakes."

This telecast occurred approximately fourteen days after the death of Mrs. Young. Two of Mrs. Young's sons filed suit for invasion of right of privacy, as a class action on behalf of themselves and approximately 300 other descendants of their deceased mother, including children, grandchildren, great-grandchildren and great-great-grandchildren.

Jurisdiction is based upon diversity of citizenship. Ohio law controls.

Plaintiffs prayed for $5,000,000 compensatory damages, $5,000,000 for unjust enrichment and $5,000,000 in punitive damages. District Judge Thomas D. Lambros granted defendants' motion for summary judgment in an opinion published at 312 F.Supp. 1337. Reference is made to the opinion of the District Court for a more detailed statement of the case. We affirm.

A right of action for invasion of privacy is recognized under Ohio law. Housh v. Peth, 165 Ohio St. 35, 133 N.E. 2d 340. The general rule, as applied by this Court in Cordell v. Detective Publications, 419 F.2d 989 (6th Cir. 1969) is that:

> "[T]he right lapses with the death of the person who enjoyed it, and one

cannot recover for this kind of invasion of the privacy of a relative, no matter how close the relationship."

We find no Ohio decision to the contrary and must assume that Ohio courts would follow the general rule. If the above quoted statement be construed as an invasion of the privacy of Mrs. Young, her descendants have no right of action.

Plaintiffs-appellants contend that they have the right to maintain a suit for the invasion of their own privacy and the privacy of the descendants whom they undertake to represent by class action. We find that no such right of action exists under the averments of the complaint in the present case.

Affirmed.