

# THE ATTORNEY GENERAL

## OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 31, 1976

The Honorable Dorman H. Winfrey
Director and Librarian
Texas State Library
Box 12927, Capitol Station
Austin, Texas   78711

Opinion No. H-917

Re:  Confidentiality of
non-current personnel
files transferred to the
State Archives.

Dear Mr. Winfrey:

You have requested our opinion whether the Texas Open
Records Act, article 6252-17a, V.T.C.S., applies to records
that have been declared non-current by the originating
agency and subsequently transferred to the State Archives
for permanent preservation.  Specifically, you inquire as
to the status of personnel records from the Austin State
Hopsital for the years 1942-1957, from the Texas Confederate
Home for Men for the years 1950-1957, and from the Texas
Confederate Woman's Home relative to the years 1945-1959.
You also ask whether any such records excluded from disclosure
under the Open Records Act remain permanently confidential.

The transfer of personnel files or other records to
the State Archives does not affect the status of the
transferred documents under the Open Records Act.  Information
which is excepted from disclosure under the Act can be
transferred between State agencies without violating its
confidentiality or destroying its confidential character.
Attorney General Opinion H-242 (1974).  Likewise, public
information remains public when it is transferred from the
files of the originating State agency to the State Archives.
Thus, we believe the non-current personnel records about
which you inquire retain the same status under the Open
Records Act after they have been transferred to the State
Archives as they had when in the files of the originating
agency.

Information in personnel files is public except insofar as its disclosure "would constitute a clearly unwarranted invasion of personal privacy." V.T.C.S. art. 6252-17a, § 3(a)(2). We have considered the scope of this exception on numerous occasions. See Open Records Decision Nos. 133, 132, 123, 119 (1976), 117, 111, 110, 106, 103, 102, 93, 91, 71, 68, 67, 55A (1975), 60, 55, 54, 41, 37, 34, 15, 14 (1974). We have also applied the "personal privacy" exception of section 3(a)(2) of the Act to the personnel files of former as well as current employees. Open Records Decision Nos. 133, 119 (1976), 93, 71, 68 (1975).

We have not, however, previously considered the question of when personnel records excepted from disclosure under section 3(a)(2) lose their confidential nature and become public. The right of privacy in Texas has been defined as:

> [T]he right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Billings v. Atkinson, 489 S.W.2d 858, 859 (Tex. Sup. 1973).

Although Billings recognizes the right of privacy for purposes of tort law, both the Supreme Court of Texas and this office have nonetheless applied its standards in considering the scope of the right to privacy under the Open Records Act. Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668 (Tex. Sup. 1976); Attorney General Opinions H-483 (1974), H-258 (1974), H-90 (1973); Open Records Decision Nos. 123 (1976), 68, 67 (1975), 19, 18A (1974), 2 (1973). We likewise believe that the loss of the right to privacy under the Open Records Act may be analogized to the lapse of that right under tort law.

We believe that those portions of a personnel file excepted from disclosure because release would constitute a "clearly unwarranted invasion of personal privacy" retain their confidentiality, unless waived, so long as the subject of the file remains alive. The right of privacy terminates, however, upon the death of the individual, and release of one's files after death violates no protected right of that individual's privacy.

> The authorities appear to be uniform
> that the right of privacy cannot be
> asserted by anyone other than him
> whose privacy is invaded.  Kelly v.
> Johnson Publishing Co., 325 P.2d 659,
> 662 (Cal. Dist. Ct. App. 1958).

Accord, James v. Screen Gems, Inc. 344 P.2d 799, 801 (Cal.
Dist. Ct. App. 1959).  The "general rule" is that "the right
(of privacy) lapses with the death of the person who enjoyed
it . . . ."  Young v. That Was the Week that Was, 423 F.2d
265, 266 (6th Cir. 1970); Cordell v. Detective Publications,
Inc., 419 F.2d 989, 990 (6th Cir. 1969).  This is so because:

> It is anomalous to speak of the privacy
> of a deceased person . . . .  As
> Shakespeare said, 'The evil that men do
> lives after them . . . .'  What a man
> does while alive becomes a part of
> history which survives his death.
> Maritote v. Desilu Productions, Inc.,
> 345 F.2d 418, 420 (7th Cir. 1965).

See Annot., 18 A.L.R.3d 873 (1968).

> Dean Prosser has described the right of privacy as

> a personal one, which does not extend to
> the members of . . . [one's] family,
> unless, as is obviously possible, their
> own privacy is invaded along with his. . . .
> [T]here is no common law right of action for
> a publication concerning one who is already
> dead.  Prosser, Privacy, 48 Calif. L. Rev.
> 383, 408 (1960).

The personal nature of one's right to privacy was recognized
by the courts soon after Samuel Warren and Louis Brandeis
introduced and defined the legal concept of a "right to
privacy" in their widely noted article on the subject.
Warren and Brandeis, The Right to Privacy, 4 Harv. L. Rev.
193 (1890).  As early as 1895 a New York court stated what
was to become the virtually uniform rule in American juris-
dictions:

> Whatever right of privacy . . .
> [the decedent] had died with her.
> Schuyler v. Curtis, 42 N.E. 22, 25
> (N.Y. Ct. App. 1895).

Although Texas courts have had no occasion to consider the matter in connection with the right of privacy, a cause of action for libel has been "restricted to the person who has directly sustained the injury," and cannot be brought by another on behalf of the dead.  Renfro Drug Co. v. Lawson, 160 S.W.2d 246, 250 (Tex. Sup. 1942).  The general rule that an action for invasion of privacy does not survive the death of the party whose privacy was invaded is "frequently analogized to defamation."  Gruschus v. Curtis Publishing Co., 342 F.2d 775, 776 (10th Cir. 1965).  We are, therefore, of the opinion that Texas courts would follow the almost uniform rule of other jurisdictions that the right of privacy lapses upon death.

With the death of a former State employee, therefore, no invasion of his privacy can occur, and his personnel file is no longer excepted from public disclosure under section 3(a)(2) of the Open Records Act.  A similar rule has been applied to the exemption from disclosure of files "which would constitute a clearly unwarranted invasion of personal privacy" under the Federal Freedom of Information Act, 5 U.S.C. § 552(b)(6).  Rabbitt v. Department of the Air Force, 383 F. Supp. 1065 (S.D.N.Y. 1974).  It is, of course, possible that information in the file of a deceased former employee might invade the personal privacy of other living persons, in which case that portion of the file would remain confidential and excepted from disclosure under either section 3(a)(1) or 3(a)(2).  See Industrial Foundation of the South v. Texas Industrial Accident Board, supra.  If a review of the personnel file of a deceased former employee reveals no such unwarranted invasion of the personal privacy of living individuals, however, the file is public and subject to disclosure.

### S U M M A R Y

> Non-current personnel files transferred
> to the State Archives for permanent
> preservation retain the same status as
> they had before transfer under the Texas
> Open Records Act, article 6252-17a, V.T.C.S.,

and are public except insofar as disclosure would constitute a clearly unwarranted invasion of personal privacy.  The right of privacy is personal to the individual and lapses upon his death, rendering his personnel file public except insofar as its disclosure would constitute a clearly unwarranted invasion of the personal privacy of living individuals.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb