765 F.2d 79
 11 Media L. Rep. 2181
 Louise REEVES, Administratrix of the Estate of J.R. (Jimmy)
Reeves, Plaintiff-Appellant,
v.
UNITED ARTISTS CORPORATION; Robert DeNiro; Robert
Chartoff; Martin Scorsese; Jake LaMotta; Joseph
Carter; Peter Savage; Paul Schrader;
Martin Mardik; and Floyd
Anderson,
Defendants-
Appellees.
 No. 83-3837.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 2, 1985.
Decided June 18, 1985.
 
 Richard Agopian, Agopian & Jurczenko, Alexander Jurczenko, argued, Cleveland, Ohio, for plaintiff-appellant.
 Terence J. Clark, argued, Calfee, Halter & Griswold, Cleveland, Ohio, for defendants-appellees.
 Before ENGEL and KEITH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The principal issue presented in this appeal is whether the right of publicity is descendible under Ohio law. Plaintiff Louise Reeves, Administratrix of the Estate of J.R. "Jimmy" Reeves appeals from the order of the United States District Court for the Northern District of Ohio which granted defendant United Artists Corporation's motion for summary judgment because plaintiff failed to state a claim upon which relief could be granted. Jurisdiction in the district court was based upon diversity of citizenship.
 
 
 2
 Plaintiff Louise Reeves is the widow of J.R. Jimmy Reeves, who was a professional boxer during the period from 1939 to 1946. One of Jimmy Reeves' fights was against Jake LaMotta in the old Cleveland Arena on September 24, 1941. This fight was re-created and included immediately after the opening scenes of the motion picture Raging Bull, a biographical account of the life of boxer Jake LaMotta, who was portrayed by Robert DeNiro. The dramatized fight scene comprised approximately two minutes of the movie Raging Bull, which was produced by defendant United Artists Corporation.
 
 
 3
 Plaintiff Louise Reeves, Administratrix of the Estate of J.R. Jimmy Reeves, commenced an action for damages against defendant United Artists Corporation and several others for appropriating the name, identity, likeness, character, ability, achievement and performance of J.R. Jimmy Reeves. The district court found that Ohio recognizes the right of publicity which protects against the appropriation or unauthorized use of the name or likeness of another. The district court, however, dismissed the complaint, with prejudice, holding that the right to publicity is not descendible under Ohio law. Reeves v. United Artists, 572 F.Supp. 1231 (N.D.Ohio 1983).
 
 
 4
 Plaintiff Louise Reeves appeals from the order of the district court asserting that Ohio recognizes the right of publicity to one's name, identity and likeness and such right is descendible under Ohio law. Defendant United Artists asserts that the right of publicity is a personal right which is not descendible under Ohio law to the heirs of a deceased person. Alternatively, United Artists claims that the First Amendment precludes a cause of action for appropriation of the right of publicity where a person is the subject of a historical or biographical work.
 
 
 5
 Zacchini v. Scripps-Howard Broadcasting Co., 47 Ohio St.2d 224, 351 N.E.2d 454 (1976), rev'd on other grounds, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977), stands for the proposition that Ohio recognizes the right of publicity as a part of that state's common law. At issue there was whether a television station had violated the privacy rights of a "human cannonball" by filming and playing his fifteen second act on its nightly newscast. The court held in its syllabus:[1]
 
 Syllabus by the Court
 
 6
 1. One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy, and the use or benefit need not necessarily be commercial.
 
 
 7
 2. The performer of a "human cannonball" act has a right to the publicity value of his performance, and the appropriation of that right over his objection without license or privilege is an invasion of his privacy.
 
 
 8
 Id. at 224, 351 N.E.2d at 455.
 
 
 9
 Although the Ohio Supreme Court recognized the right of publicity, it denied recovery to Zacchini because it believed that the television station's broadcast was privileged under the First and Fourteenth Amendments to the United States Constitution. The Supreme Court of the United States reversed the Ohio Supreme Court's decision on grounds that the television's broadcast of Zacchini's performance was not privileged under the First and Fourteenth Amendments to the Constitution. The United States Supreme Court did recognize a state's interest in permitting a "right of publicity" to protect the proprietary interest of an individual in his act in order to encourage such entertainment. Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 573, 97 S.Ct. 2849, 2856, 53 L.Ed.2d 965 (1977).
 
 
 10
 The Ohio Supreme Court did not reach the issue of whether the right of publicity is descendible since the plaintiff there brought suit during his lifetime, but the syllabus clearly indicates the Ohio Supreme Court's recognition of that right as a part of its law concerning the invasion of privacy. Regardless of how other states might consider it, we are convinced that the district judge properly concluded that the right of publicity is part of Ohio's law of invasion of privacy. It is unquestioned and indeed recognized by all parties to this litigation that actions for invasion of privacy in Ohio are not descendible and lapse upon death. Young v. That Was The Week That Was, 423 F.2d 265, 265 (6th Cir.1970); Shibley v. Time, Inc., 40 Ohio Misc. 51, 321 N.E.2d 791, 797 (1974), aff'd, 45 Ohio App.2d 69, 341 N.E.2d 337 (1975). Since we have held that the right of publicity is not descendible under Ohio law, we need not and do not reach the difficult First Amendment issues.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The rule in Ohio is that the precedent in each case is to be found in the syllabus rather than in the text of the opinion. Cassidy v. Glossip, 12 Ohio St.2d 17, 231 N.E.2d 64 (1967)