Mr. Thomas M. Carpenter City Attorney Little Rock City Hall 500 West Markham Street Little Rock, AR 72201-1400
Dear Mr. Carpenter:
This is in response to your request for an opinion pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 1995), which is part of the Arkansas Freedom of Information Act ("FOIA"). Your request pertains to a former employee of the Little Rock Police Department who was recently killed in an automobile accident. You state that you have been asked to provide a copy of the complete background investigation file of the deceased employee, along with her entire personnel file. You note the FOIA privacy exemption in connection with personnel records (A.C.A. § 25-19-105(b)(10)), but you question whether disclosure of the personnel file information and background investigation is affected by the fact of her death.
Although there appear to be no Arkansas cases on point, my research has yielded several federal cases suggesting that similar federal Freedom of Information Act privacy exemptions (5 U.S.C. § 552(b)) are not viewed as having lapsed upon death. See, e.g., Ferguson v. F.B.I., 774 F. Supp. 815
(S.D.N.Y. 1991); and Kiraly v. F.B.I., 728 F.2d 273 (6th Cir. 1984).Kiraly and Ferguson involved, inter alia, 5 U.S.C. § 552(b)(7)(C), which exempts from disclosure law enforcement records or information the production of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." In Kiraly, the Sixth Circuit Court of Appeals refused to apply the traditional torts law principle that the right to recovery for invasion of privacy is "purely personal and `lapses with the death of the person who enjoyed it.'"728 F.2d at 277, citing Cordell v. Detective Publication, Inc., 419 F.2d 989
(6th Cir. 1969). The court adopted instead the district court's ruling, as follows:
 . . . that the right to recovery for invasion of privacy lapses upon the person's death does not mean that the government must disclose inherently private information as soon as the individual dies, especially when the public's interest in the information is minimal. Kiraly has cited no cases which hold that the FOIA privacy exemption lapses upon death, nor has this court discovered any such cases.
Id. at 277-278.
Ferguson reflects a somewhat different approach wherein the New York District Court stated that "[a] dead person's privacy interest may survive his or her death, but it is necessarily greatly diminished by death and must be balanced against the . . . public interest in disclosure." 774 F. Supp. at 825.
Reliance upon the federal courts' approach to this issue is, I believe, warranted in light of the Arkansas Supreme Court's previous willingness to seek guidance from federal cases in construing the Arkansas FOIA personnel exemption. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). It is my opinion that an Arkansas court would, similarly, conclude that the exemption under A.C.A. § 25-19-105(b)(10) for personnel records, "to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy[,]" does not lapse upon death. Rather, the two competing interests (the "public's right to knowledge of the records" and the "individual's right to privacy[,]" Young,308 Ark. at 598), must still be balanced against one another.
Not having reviewed the actual records in question, I cannot make a conclusive determination with regard to the release of any particular records. With regard, generally, to those records which touch upon what has been referred to as the "intimate details of a person's life" (seeBrown v. F.B.I., 658 F.2d 71, 75 (2nd Cir. 1981), cited in Young, supra,
at 598), such as marital status, paternity, religious affiliation, medical conditions, information about family life, and alcohol consumption (see Op. Att'y Gen. 96-222), I believe as a general matter that it is unlikely that the balance will tip in favor of disclosure, particularly when it is recognized that the public's interest in such information is probably minimal. Thus, even if the deceased employee's privacy interest is viewed as "greatly diminished" (Ferguson, supra), this inherently private information probably remains exempt.
A different result may obtain, however, if the public's interest in the information is significant.[1] For instance, the outcome in Young,supra, may have been different if the lieutenant promotion candidates in that case had been deceased. The court may have been less concerned about releasing deceased candidates' identities in conjunction with the report forms, which reflected embarrassing behaviors, under the view that the privacy interest is greatly diminished by death. Ferguson, supra. The compromise that was made in that case may not have been viewed as necessary, given the diminished privacy interest and the recognized significant public interest in disclosure. There may well have been no "clearly unwarranted" privacy invasion under those circumstances.
It thus becomes apparent that the particular records must be considered and the balancing process employed based upon the specific information in question.[2] The fact that the employee is deceased may affect the outcome of the balance in some instances. It is my opinion, however, that the deceased employee's privacy interest, though diminished, has not lapsed.
Finally, with regard to the background investigation file, I have previously opined on several occasions that a blanket denial of access to such records may be inconsistent with the FOIA. Ops. Att'y Gen. 95-242, 94-113, 92-319. A background investigation report would, in my opinion, generally be considered a "personnel record." Thus, the appropriate procedure to follow with respect to the background investigation is to delete any exempt information (information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, taking into account the above analysis), and make the remainder of the investigation available for inspection and copying.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] If the public's interest in disclosure is substantial, it will usually outweigh any individual privacy interests. Young, supra.
[2] Some records, whether or not contained in the personnel file, such as medical, scholastic, adoption, or tax information, are specifically exempt. See A.C.A. § 25-19-105(b). These exemptions are unaffected by the subject's death. This is also true, in my opinion, with respect to employee evaluation or job performance records, as death is not included in the factors which must be present in order for such records to be released. See A.C.A. § 25-19-105(c)(1).